### A. P. WILEY AND OTHERS v. J. J. PINSON, EXECUTOR.

Claims against the estates of deceased persons, must be presented and rejected, before an action will lie; and, therefore, the legal representatives of one of several joint makers of a promisory note, cannot be joined in an action against the surviving makers, unless the claim has been rejected.

The interest of a surviving joint mortgagor, in the mortgaged property, may be sold by the decree of the District Court, without joining the legal representatives of the deceased joint mortgagor.

In order that a surety in an instrument may protect himself, as such, by the decree of the court, he must show that relation by proper pleadings and proof.

ERROR from Houston. Tried below before the Hon. Charles A. Frazer.

This was a suit brought by the defendant in error, against A. P. Wiley, W. M. Taylor, and John L. Hall, in July, 1857, on a joint and several promissory note, for $410, dated 4th March, 1856, payable twelve months after date, the consideration of which was thus recited in the body of the instrument: "the same being the purchase-money for the homestead tract of Luke

Johnson, and containing 830 acres, lying in Houston county, Texas, and by Yoakum and Wiley this day purchased at executor's sale; and .we hereby give to said executor, a lien upon said land, for payment of said moneys." Signed and sealed by H. Yoakum, A. P. Wiley, W. M. Taylor, and John L. Hall.

This instrument was set out in the petition, which alleged the death of Yoakum, but did not make his legal representatives parties; and prayed for judgment against the other defendants for the amount sued for, and a foreclosure and order of sale of the interest of the defendant Wiley, in the land, which was alleged to be an undivided half thereof.

The defendant, Taylor, pleaded that the executrix of H. Yoakum, deceased, who had been duly qualified, &c., had not been made a party defendant, and that the said H. Yoakum was one of the principals in the note sued on, and he (Taylor,) was surety only, and not liable to be sued, without joining the principal.

The defendant, Wiley, excepted to the petition, because it appeared therefrom that all the necessary parties defendant had not been joined.

To the pleas of the defendants, the plaintiff excepted, and amended his petition by alleging that, in May, 1858, the claim sued on had been duly authenticated, presented, and allowed by the executrix of the last will of H. Yoakum, deceased, and approved by the chief justice.

The exceptions to the petition were overruled, and a jury being waived, the court rendered judgment against the defendants, for the amount of the note sued for, and interest; and decreed a foreclosure of the mortgage as to the defendant Wiley, and a sale of the interest of the said Wiley, the same being an undivided half of the tract of land.

The plaintiffs in error assigned as ground of error :—1st. That the court erred in overruling the exceptions to the petition. 2d. That all the parties in interest were not before the court. 3d. That the mortgage was foreclosed as to defendant, Wiley, and not as to the estate of Yoakum. 4th. That the judgment was not so rendered as to protect the securities.

*W. M. Taylor*, for the plaintiffs in error.

*S. A. Miller*, for the defendant in error.

BELL, J.—We can perceive no error in the judgment of the court below. All the parties to the note sued on, appear on the face of the note to be principals. None of them sign as sureties. If any of them were, in fact, sureties, and if the sureties desired to be protected, as such, by the decree of the court, that might have been done by proper pleadings and proof, under the provisions of the act of the seventh legislature, on the subject. But there were no pleadings to require the court to adjudicate the question of suretyship between the defendants.

It was proper for the plaintiff, in the court below, to prosecute his demand against the surviving makers of the note, in the District Court, and to pursue the estate of Yoakum, in the County Court, in the usual manner, without making the executrix of Yoakum's will, a party to the suit in the District Court. It was also proper for the District Court to decree the foreclosure of the mortgage, so far as the interest of A. P. Wiley, in the mortgaged property, was concerned. (See Martin v. Harrison, 2 Texas Reps. 456, and later cases.) The decree recites, that the court ascertained that A. P. Wiley's interest in the mortgaged property, amounted to one-half of it. The judgment is affirmed.

Judgment affirmed.