Opinion adopted May 15, 1888.

---

No. 6273.

WHARTON BRANCH ET AL. v. E. G. HANRICK, ADMINISTRATOR, ET AL

1. ADMINISTRATION.—Suit was begun on August 11, 1885, against one who had been appointed administrator of an estate in 1867; it was brought by one claiming a distributive share of the estate, and sought to com pel an exhibit by the administrator, preparatory to a suit by plaintiff for partition. The records of the probate court had been destroyed by

fire, but orders of the court were shown appointing the defendant ad ministrator, appointing appraisers of the estate, and another order, it being the last, approving an amended exhibit and decreeing a sale of lands, dated March 31, 1869. No order showing final account or discharging the administrator was shown. *Held:*

(1) The forty-sixth section of the probate act of August 15, 1870, and Revised Statutes, art. 1829, abrogated the rule announced in Murphy v. Menard, 14 Texas, 61; Porter v. Cummings, 14 Texas, 140; and Marks v. Hill, 46 Texas, 345; which conclusively presumed the close of administration after the periods fixed in those cases.

(2) When the records of a probate court have been destroyed, it is competent to show by parol that an order of court was entered before the destruction of the record closing the administration. The entry upon the record must be shown; an order requiring such entry would not be admissible.

(3) Until the close of administration, the county court has exclusive jurisdiction to decree a partition of the lands of an estate, when the title, as between the distributees, is clear, and no other party claims an interest adverse to the heirs

APPEAL from Falls. Tried below before the Hon. Eugene Williams.

In this case no brief for either party are found with the record.

GAINES, ASSOCIATE JUSTICE. This is a proceeding originally instituted in the county court of Falls county, by Wharton Branch, one of the appellants here, for the purpose of compelling E. G. Hanrick, who was alleged to be the administrator of the estate of Edward Hanrick, deceased, to make an exhibit preparatory to a partition of the estate. It was alleged that Branch was the owner of a distributive share of the estate; that E. G. Hanrick was appointed administrator thereof in 1867 by said court, and that his administration had never been closed. E. G. Hanrick appeared and answered in effect, that the administration had been closed by lapse of time and by operation of law. Ellen Hanrick, Annie Hanrick and Elizabeth Clare joined by her husband, heirs of the intestate, also appeared and demurred and specially excepted to the petition, and also pleaded specially that no action had been taken in the court in reference to the administration in ten years, and that there was a suit pending in the district court of Falls county, between the heirs, for a partition of the estate. Upon hearing in the county court, it was ordered that E. G. Hanrick, as administrator, make and file an exhibit of the condi-

tion of the estate. From this judgment he appealed to the
district court. J. G. Minter, one of the appellants in this court,
intervened in the cause after it was appealed to the district
court, alleging that he was administrator of the estates of
James Hanrick, John Hanrick and Elizabeth O'Brien, deceased,
who with E. G. Hanrick were the sole heirs of Edward Han-
rick, deceased, and joined in the application of Wharton
Branch. He also alleged that E. G. Hanrick was administra-
tor of the estate of Edward Hanrick, deceased, and that the
estate was ready for partition and distribution.

In the view we take of the case upon appeal, it is not neces-
sary to notice the pleadings further. The district court upon
final hearing denied the application to require the administra-
tor to make an exhibit, and adjudged that the applicant,
Branch, should pay the costs. The judgment recites, that the
court was of opinion that the application "comes too late"—
from which it is to be inferred that it was held that by reason of
the time which had elapsed between the last proceeding had
in the county court and the filing of the application, the ad-
ministration must be conclusively presumed to have been closed.
There was no action upon the demurrer, and they are deemed
to have been waived.

The statement of facts shows that the court house of Falls
county and a part of the records of the county court were
burned. But an order of court was introduced in evidence,
dated March 25, 1867, appointing E. G. Hanrick administrator
of the estate of Edward Hanrick, deceased; also an order dated
April 26, 1867, appointing appraisers of the estate; another
dated May 27, 1869, approving the inventory and appraisement,
and lastly, an order of March 31, 1869, approving an annual
exhibit on decreeing a sale of lands. No record evidence was
adduced showing any subsequent action by the administrator
in the court or by the court itself in regard to the estate, and
we think the court was fully warranted in concluding from the
testimony that no such action had been taken. There was no
direct evidence offered tending to show a settlement of the ad-
ministration, and the conclusion is inevitable that it was never,
in fact, closed by any formal action of the court.

Such being the case, is it to be conclusively presumed that the
administration had been closed when the application was filed
on August 11, 1885? We think not. More than sixteen years had
elapsed since the last order was made before the application

was filed.   In Murphy v. Menard, 14 Texas, 61, it was held that under the law in force in 1841 an administration must be presumed to have been closed after a lapse of a much shorter time than is shown in the present case.   The same doctrine has been recognized and applied in the subsequent cases of Portis v. Cummings, 14 Texas, 140, and Marks v. Hill, 46 Texas, 345.   But we think that the forty-sixth section of the act of August 15, 1870, was clearly intended to abrogate this rule.   That section reads as follows: "But when letters testamentary or of administration shall have once been granted no presumption is admissible which is contrary to the record, and the persons interested in the administration may proceed, after any lapse of time, to compel a settlement of an estate which does not appear from the record to have been closed. (Pas. Dig., art. 5507.)

The provision is partly copied into the Revised Statutes; the words "no presumption is admissible which is contrary to the record" being omitted.   (Rev. Stats., art. 1829.)   The object of the omission is not here determined.   The article as it now stands applies directly to the case before us and admits of but one construction.   In the absence of an order of record showing the settlement of an estate, such settlement may be compelled at any time.   It would, in our opinion, be competent in a case like the present, where the records had been destroyed, to show their destruction, and to prove by parol that an order closing the administration had been duly entered on the minutes of the court.   Any order not so entered would be a nullity. (Rev. Stats., art. 1802.)   We therefore conclude that the application to compel settlement did not come too late, and that the court erred in so holding.

The court below did not pass upon the question of the effect of the partition suit pending in the district court at the time the application was filed.   We will say, however, that until the administration was closed, the county court had exclusive jurisdition to decree a partition of the lands of the estate as among the heirs, when the title was clear as among themselves, and there were no complications with third persons, who claimed an interest adverse to the estate (Rev. Stats., art. 3490), and that the plea setting up merely the pendency of the suit in the district court was not adverse to this application so far as it sought to compel a settlement of the estate.   What the action of the court should be upon the coming in of the administrator's

report and account, we will not undertake to determine in advance. The facts are not sufficiently disclosed by the record to justify such an attempt. It may be that the interests of the heirs in the lands may be so complicated with that of third parties that a resort to the powers of a court of equity may be necessary in order to secure a fair and equitable adjustment and partition. We merely decide now that the court should have compelled a settlement.

The application was excepted to on the ground that Branch did not show an interest in the administration. He averred that he owned an interest in the estate, having purchased that of some of the heirs. This he had the right to do, and he was entitled to the same remedies his grantors had previous to the conveyance. His interest was not denied as a matter of fact. The exception does not appear to have been called to the attention of the court, and we infer his interest was not contested. It was not shown by the evidence, but we presume all controversy as to it was waived. (Newton v. Newton, 61 Texas, 511.)

For the error of the court which has been pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*