JAMES H. WILKINSON ET AL. v. LIZZIE McCART ET AL.

Decided January 30, 1909.

1   Jurisdiction—Estates of Decedents—Administration.

Where the estate of a decedent is being administered in the County Court, its jurisdiction is exclusive.

2.—Pleading—Exceptions to Petition—Jurisdiction—Practice.

An exception to the plaintiff's pleadings, which challenges the jurisdiction of the court to try the cause, may be urged at any time before final judgment.

3.—Jurisdiction of District Court—Estates of Decedents—Administration—
          Pleading.

    Where, in a suit in the District Court to have the plaintiffs adjudged
to be the heirs of a decedent and the property distributed, the petition showed
that administration on the estate of such decedent was then pending in the
County Court, and that while the administration had not been in fact closed
the administrator had settled all claims against the estate and had filed an
application for partition and distribution of the estate and a request that the
administration be closed, an exception on the ground of want of jurisdiction
was properly sustained.

    Appeal from the District Court of Dallas County.   Tried below
before Hon. Thos. F. Nash.

    *Robert B. Seay* and *James Gilford Browning*, for appellants.—An
exception or plea to the jurisdiction of a court should be called to
the court's attention at the first term after which it is filed for action
upon by the court, and a failure to do so is a waiver.   A plea in
abatement or dilatory plea in the form of an exception to the juris-
diction of the court must be presented to the court by the party relying
ing thereon at the term succeeding its filing for consideration before
pleadings to the merits or a waiver thereof will be presumed.   Al-
dridge v. Webb, 46 S. W., 224.
    The District Court has original jurisdiction to determine who are
the rightful heirs to and owners of any and all real and personal
property, where the amount is more than five hundred dollars, if per-
sonal, and of any value if real property.   If an administration is
practically closed and nothing remains to be done except to turn the
estate over to the parties legally entitled thereto, and if there are
several sets of parties claiming the estate, then the District Court
has original jurisdiction to try the contested rights of the parties and
to decide to whom the property belongs and to whom it descended.

    *Wendel Spence, M. M. Parks* and *Coke & Coke*, for appellees.

    BOOKHOUT, ASSOCIATE JUSTICE.—This suit was filed June 10,
1907, by James H. Wilkinson et al., as plaintiffs, against J. C. Mc-
Cart, administrator of the estate of James (commonly known as and
hereafter called Pat) Wilkinson, deceased, and others, as defendants.
    It was alleged by plaintiffs that said Pat Wilkinson died in Dallas,
Dallas County, Texas, July 10, 1905, intestate, unmarried and with-
out lawful issue, leaving a large estate.   That said decedent had a
brother named Frank Wilkinson, and that the descendants of the
said Frank Wilkinson were the heirs, and all the heirs, of said Pat
Wilkinson, deceased, and as such, inherited his estate.   That convey-
ances had been made by some of said heirs, descendants of said Frank
Wilkinson, as aforesaid, of interests in said estate, and that plaintiffs
and defendants W. D. Marchbanks and Mat Evans were then the
owners of said estate.   The purpose of said suit was to have the de-
scendants of Frank Wilkinson adjudged to be the heirs of Pat Wil-
kinson, and the plaintiffs, together with the said defendants March-
banks and Evans, the owners of the property so inherited by the said

descendants of said Frank Wilkinson, and the property partitioned. It was further alleged by plaintiffs, in substance, that defendant, J. C. McCart, duly qualified as permanent administrator of the estate of said Pat Wilkinson, in the County Court of Dallas County, Texas, and as such administrator had possession of the same. That said McCart had duly administered said estate in probate proceedings in cause No. 3816 on the probate docket of the County Court of Dallas County, Texas, and while it appeared from said proceedings that said administration had not been in fact closed, nevertheless the said McCart, administrator, had settled all the outstanding claims and debts against the estate and had duly filed application in the Probate Court for partition and distribution of said estate and duly -requested that the administration be closed, and the plaintiffs further alleged that there was no longer a necessity of administration on the estate of said Wilkinson, and the property remaining thereof was in a condition and ready to be delivered to the parties legally entitled to the same. The other allegations of said petition present no question for our consideration.

The defendants, other than said Marchbanks and Evans, interposed, among other things, to plaintiffs' petition, the following special exception: "And these defendants specially except to plaintiffs' said pleadings because same shows upon its face that this court has no jurisdiction of this suit, in this, that plaintiffs, by their own petition, show that the estate of Pat Wilkinson, deceased, is in process of administration in the County Court of Dallas County, Texas, sitting in matters probate, the same being a court of competent jurisdiction, that the administrator has filed his final account in said court, and that all that remains to be done in the said administration in the Probate Court is to settle the administrator's accounts and then to distribute the property of the estate among those entitled to it. These matters being shown by plaintiffs' own pleading, it is apparent that the County Court of Dallas County, Texas, had and has exclusive jurisdiction now to determine who are the owners of the property of the estate of Pat Wilkinson, deceased, and to distribute the property among such persons. Of these exceptions, general and special, these defendants pray the judgment of the court." The court having heard said exception, sustained same, and entered its order dismissing the cause.

This appeal brings before us the question, Did the court err in sustaining the exception and dismissing the case? It affirmatively appears from the allegations in plaintiffs' petition that administration on the estate of Pat Wilkinson was pending and had not been closed. The administration not having been closed the plaintiffs could have compelled a settlement if they had any interest in the administration. (Sayles' Civ. Stats., art. 1882; Branch v. Hanrick, 70 Texas, 734.)

It is held that under the Constitution and statutes where the estate of a decedent is being administered in the County Court, its jurisdiction is exclusive. (McCorkle v. McCorkle, 60 S. W., 435; Constitution, art. 5, sec. 16; Sayles' Stats., art. 1840; Sayles' Stats., chap. 25, arts. 2154-2189; Branch v. Hanrick, 70 Texas, 731.) It

is clear that if plaintiffs had an interest in the administration they could have compelled a settlement of the same and upon settlement it would have been the duty of the county judge to order the estate remaining in the hands of the administrator partitioned among the heirs upon satisfactory proof being made that they are entitled to receive it. (Sayles' Civ. Stats., arts. 1882 and 2198.)

It is contended by appellants that the defendants waived their exception and plea by not presenting the same and having it determined at the first term of court after it was filed, which was not done. This contention is not sustained. This is not a dilatory plea, such as a plea that a party is not sued in the proper county. This exception challenged the jurisdiction of the court to try the cause, which could be done at any time before final judgment. The trial court did not err in sustaining appellees' exception and dismissing the suit, and the judgment is therefore, affirmed.

*Affirmed.*

Writ of error refused.