**REYNOLDS MORTGAGE CO. v. SMITH et al.
(No. 3164.)**

(Court of Civil Appeals of Texas. Texarkana.
Jan. 28, 1926. Rehearing Denied
Feb. 11, 1926.)

**1. Appeal and error ☞907(3).**

Where record contains no statement of facts and no dispute as to them appears, it is presumed that evidence supported judgment of dismissal.

**2. Executors and administrators ☞203.**

Where husband and wife executed notes, and mortgages to secure them, estate of deceased husband was primarily liable.

**3. Courts ☞472(4)—County court, not district court, was proper forum to foreclose mortgage given by decedent and collect debt (Rev. St. 1911, art. 3488).**

County court, and not district court, was proper forum to foreclose mortgages given by decedent and collect the debt, as the claims were proper for allowance and payment in administration of his estate under Rev. St. 1911, art. 3488.

**4. Husband and wife ☞267(6).**

Fact wife has community interest does not affect validity of lien of mortgage on land given by deceased husband and wife.

**5. Courts ☞472(4)—Mortgagee can obtain all rightful relief against estate of deceased mortgagor in county court, which may sell the land to pay the debt (Rev. St. 1911, arts. 3420, 3462, 3463).**

Mortgagee can obtain all relief to which it is entitled against the estate of deceased mortgagor in the county court, which, though it cannot render a judgment foreclosing lien on real estate, may sell the property and apply proceeds on the incumbrance under Rev. St. 1911, arts. 3420, 3462, 3463.

**6. Courts ☞472(4)—Joinder of minor child of deceased mortgagor in foreclosure proceeding does not authorize resort to district court to exclusion of probate court.**

Joinder of minor child of deceased mortgagor in foreclosure proceeding does not authorize resort to district court to the exclusion of probate court, where administration is pending, as child inherits property subject to its liability for debt.

**7. Courts ☞472(4).**

Joinder of junior mortgagee without alleging it has an unpaid claim does not authorize foreclosing mortgage of decedent in district in place of probate court.

**8. Husband and wife ☞169(1).**

Though wife was not personally liable for notes and mortgages securing them, executed by herself and husband, she could mortgage her separate property to secure them.

**9. Courts ☞472(4).**

Separate property of wife, which was mortgaged to secure debt of deceased husband, may

not be subjected to payment in probate proceedings.

**10. Courts ☞472(4)—In foreclosing mortgage of decedent and wife, proceedings may not be had in district court rather than probate court by reason of mortgage covering wife's separate property (Rev. St. 1911, art. 1843).**

In foreclosing mortgage given by decedent, whose estate is in probate, and wife, for decedent's debt, that mortgage covers separate land of wife does not authorize foreclosure in district court to exclusion of probate court; it being unnecessary under Rev. St. 1911, art. 1843, to join administrator and wife.

**11. Appeal and error ☞77(2).**

Order of county judge approving and classifying claims against estates has the effect of final judgment, from which appeals may be prosecuted.

Appeal from District Court, Red River County; R. J. Williams, Judge.

Suit by the Reynolds Mortgage Company against Jennie Watson Smith and others. From an order of dismissal, plaintiff appeals. Affirmed.

See, also, 280 S. W. 881.

Samuels & Brown, of Fort Worth, for appellant.

Austin S. Dodd, of Dallas, for appellees.

HODGES, J. This suit was filed on October 16, 1924, in the district court of the Seventeenth judicial district of Tarrant county by the Reynolds Mortgage Company against Jennie Watson Smith individually and as the administratrix of her deceased husband, C. C. Smith. Harold Smith, a minor son of C. C. Smith, and the City National Bank of Clarksville, were also made parties defendant. For cause of action it was alleged, in substance, that on September 25, 1919, C. C. Smith and his wife, Jennie Watson Smith, executed a note for the sum of $7,500 payable to the Reynolds Mortgage Company, with interest at the rate of 6½ per cent. per annum. It also stipulated for the payment of attorney's fees in case of default. The interest was payable annually, and was evidenced by ten coupons, one due each year after the date of the note. The first coupon was for $536.25, and the others for $487.50 each. All of those interest coupons were unpaid at the date of the institution of this suit, except the first. To secure the payment of that note and the interest coupons, Smith and wife executed a mortgage on 199 acres of land situated in Red River county, Tex. On the same date, September 25, 1919, Smith and wife executed another note for $1,136.25 payable to the Reynolds Mortgage Company in ten annual installments. The first installment was for $123.75, due November 1, 1920; the others were for $112.50 each. To secure the payment of this second note, an-

other deed of trust was executed by Smith and wife upon the same land, but was made subordinate to the deed of trust executed to secure the note for $7,500. None of the installments of the second note had been paid at the time this suit was filed, except the first. It is further alleged that on January 15, 1921, Smith executed a deed of trust on the same land to secure an indebtedness to the City National Bank of Clarksville, but that deed of trust was inferior to the two previously mentioned. The Reynolds Mortgage Company, for a valuable consideration, assigned the note for $7,500 to the Pan-American Life Insurance Company of Louisiana, and that company was still the legal owner and holder. For the purpose of protecting its own lien, the Reynolds Mortgage Company, prior to the institution of this suit, paid to the Pan-American Life Insurance Company two of the interest coupons of $487.50 each, and those coupons had been assigned to it by the Pan-American Life Insurance Company. It is also alleged that C. C. Smith was dead, leaving his wife, Jennie Watson Smith, and a minor child, Harold Smith; that Mrs. Smith had been appointed administratrix of the estate of her husband.

The prayer was for the debt evidenced by the matured and unpaid interest coupons, and the installments due upon the second note. The petition, also sought a foreclosure of the lien upon the land incumbered to secure the debts.

Upon a plea of privilege the case was transferred to the district court of Red River county. On November 29, 1924, Mrs. Smith appeared in that court and filed a plea in abatement, alleging, in substance, that C. C. Smith died in October, 1923; that she was his surviving widow; that Harold Smith was his minor son and only child; that at the time of his death Smith left a number of debts. The only property he then owned was his community interest in a portion of the land described in the plaintiff's original petition. At the time the deed of trust was executed, the land was his homestead, and the trust deed was for that reason void; that debts amounting to $863.63 on account of the last sickness and funeral expenses of C. C. Smith had been contracted and paid by her out of her own separate funds, and for which she claimed reimbursement; that the land upon which the mortgage company claimed a lien, if not her homestead, should be subjected to the payment of that claim. She further alleged that she had fully qualified as administratrix of the estate of C. C. Smith in the county court of Red River county, and that such administration was then open and pending. She further pleaded her coverture at the time the notes and trust deeds were executed, and that the debts were not those for which she might be held personally liable. It was also alleged that the claims upon which the suit was founded had not been presented to her as administratrix for allowance. Upon a hearing on that plea the district court of Red River county dismissed the case, and from that order of dismissal this appeal has been prosecuted by the Reynolds Mortgage Company.

[1] There is in the record no statement of facts, and there appears to be no dispute about the facts set up in the plea of abatement. We must therefore assume that the judgment of dismissal was supported by the evidence.

[2, 3] It is clear that the claim sued on is one for which the estate of C. C. Smith was primarily liable, and that at the time this suit was filed an administration upon his estate was pending in Red River county. The claims are such as the law contemplates shall be presented to the administration for allowance, and which should be paid in due course of the administration. Rev. Civ. Stat. of 1911, art. 3488. For that reason the county court, and not the district court, was the proper forum. Wilkinson v. McCart, 116 S. W. 400, 53 Tex. Civ. App. 507; Buchner v. Wait (Tex. Civ. App.) 137 S. W. 383; Degetau et al. v. Mayer et al. (Tex. Civ. App.) 145 S. W. 1054; Taylor v. Williams, 108 S. W. 815, 101 Tex. 392; Whitmire v. May et al., 72 S. W. 375, 96 Tex. 317; Bradford v. Knowles, 25 S. W. 1117, 86 Tex. 505; Wilson v. Harris, 44 S. W. 65, 91 Tex. 427; Robertson v. Paul, 16 Tex. 472.

[4, 5] The jurisdiction of the district court is invoked upon the ground that it is the only tribunal that can try all of the issues and adjust all of the equities of the parties interested. The estate has here no equities to be adjusted. The claims against it are those for which it is primarily liable; they are liquidated demands and are secured by liens on land belonging to the estate of the decedent. The fact that Mrs. Smith has a community interest in the land would not alone affect the validity of the lien given to secure these debts. The appellant can therefore obtain all the relief to which it is entitled against the estate in the county court. While the probate court cannot render a judgment foreclosing a lien on real estate, the statute provides a method whereby incumbered property may be sold and the proceeds applied to the payment of the secured debt. Articles 3420, 3462, and 3463, Rev. Civ. Stat. 1911.

[6, 7] The question then is: Did the joinder of the minor child of the decedent, the City National Bank, and Mrs. Smith, individually, in a suit against the estate, authorize a resort to the district court to the exclusion of the probate court where the administration was then pending? The minor child had no interest to be adjusted that could not be settled in the probate proceedings. He took the inheritance from his deceased father subject to the payment of debts

for which the property was liable. The bank was admittedly only a junior mortgagee. It is not alleged that the indebtedness to the bank was still unpaid, or that the bank is still holding a claim against the estate of Smith. Upon the face of the petition nothing appears which justified a resort to the district court in order to settle claims or equities held by the minor or the bank.

[8, 9] It is admitted that 82 acres of the land included in the trust deeds belonged to the separate estate of Mrs. Smith. While she could not by reason of her coverture be held personally liable for the debts claimed, she could incumber her separate property as security for their payment. It is true that her property could not be subjected to such payment in the probate proceedings. But did that fact alone authorize the appellant to sue the estate in a court where her property could be reached and applied? Her mortgaged land occupied the attitude of a surety for the debt against the estate. Under the provisions of article 1843 of the Revised Civil Statutes of 1911, a suit might have been filed against her for a foreclosure of the lien without the joinder of the representative of the estate. Smith, the principal, was not only dead, but his estate was alleged to be insolvent.

[10, 11] We come then to the question: Can a creditor bring his suit in the district court against an estate on which administration is pending, solely for the purpose of enforcing a demand against a surety of the deceased principal? There can be but two grounds urged in support of such a course: One is to avoid a multiplicity of suits, and the other, to adjust the equities of the surety against the principal. The claimant who sues has no interest in the equities which the surety may assert against the estate of the principal. The surety alone can complain of being deprived of that privilege, and in the instance the surety is resisting the resort to the district court.

Joining the estate in the suit in the district court does not avoid the the necessity of a proceeding in the county court. Should the district court render a judgment against the estate in this case that judgment must be certified to the county court and he paid in due course of administration. A claim secured by a lien is graded by statute as third class, and is made subordinate to debts contracted for treatment of the deceased during his last illness and for funeral expenses, as well as for expenses incurred in the administration of the estate. If the district court in a suit of this character may direct a foreclosure of a lien on the land incumbered in order to satisfy its judgment, the statutory preference can be ignored and a third-class claim given priority of those of the first and second class. Robertson v. Paul, 16 Tex. 472. No such results can be permitted. It follows, then, that a resort to the district court cannot be justified upon the ground that it avoids a multiplicity of suits. It has been held by our Supreme Court more than once that the personal representative of a decedent cannot be joined in a suit against a surviving joint obligor without first presenting the claim to the administrator of the decedent's estate for approval and a rejection thereof. Wiley et al. v. Pinson, Ex'r, 23 Tex. 486; Martin v. Harrison, 2 Tex. 456; Bennett v. Spillars, 9 Tex. 520. If a debt of the kind here involved must go into the probate court for payment, it is only proper that the administratrix should be allowed an opportunity to pass upon the claim without first subjecting the estate to the expense of a suit in the district court. The order of the county judge approving and classifying claims against estates has the effect of a final judgment, from which appeals may be prosecuted.

While the plea in abatement, upon which the court dismissed this suit, may have been good only as to the proceeding against the administratrix, it was construed by the trial court as warranting an abatement as to all parties defendant. But there is in the record no complaint of the failure of the court to retain jurisdiction over the other parties defendant.

The judgment will therefore be affirmed.