ZAMORA et al. v. GONZALEZ et al.

No. 10430.

Court of Civil Appeals of Texas. San Antonio.

April 12, 1939.

Rehearing Denied May 17, 1939.

J. T. Canales, of Brownsville, and Raymond, Algee & Alvarado, of Laredo, for appellants.

Lloyd & Lloyd, of Alice, for appellees.

SMITH, Chief Justice.

Josefa G. de Davila, surviving widow and sole legatee of Manuel Davila, deceased, died, intestate, on May 3, 1936. She being a resident of Webb County at the time of her death, and most of her property being situated therein, administration of her estate was timely instituted and is being prosecuted in the probate court of that County. Adolfo Gonzalez is permanent administrator of the estate by appointment of said Court.

The said Josefa G. de Davila died without issue, but was survived by numerous collateral kin, who are appellees in this appeal. It is conceded that those appellees are entitled to inherit Mrs. Davila's estate unless cut off by the claim of Refugio E. Zamora (sometimes known as Refugio E. Davila), principal appellant herein, that he was legally adopted by the said Josefa G. de Davila and her husband in the year 1914, and, therefore, inherited as a son.

As will hereafter be seen, this entire litigation is determinable by the ultimate issue of whether appellant, upon the one hand, or appellees, upon the other, are the heirs at law of the intestate, which issue, in turn, is determinable by the simple question of fact of whether Manuel Davila and wife, Josefa, did, about June, 1914, execute an instrument in writing adopting appellant as their heir.

It is conceded by all parties that administration upon the estate of the decedent was timely and regularly begun and pursued, and has not been actually closed, but is still pending in the probate court of Webb County. All the claims against the estate have been paid, except one of $300 (which had been allowed but not yet approved), and claims for balance due for attorney's fees, administration expenses and court costs. Appellees, appellant Zamora, a guardian ad litem for parties cited by publication, and the administrator of the estate, filed their respective petitions in the county court, praying the court to ascertain and determine who were the heirs at law of the intestate, and their respective shares therein, and for partition and distribution of the estate in accordance with such adjudication when made. Appellees, although the first to invoke the probate jurisdiction in this matter, afterward prayed for nonsuit of their said petition, which was thereupon dismissed without prejudice to appellant's said petition.

While said petitions of the guardian ad litem, administrator and appellant, for adjudication of heirship and partition and distribution, were pending, and a hearing thereon had been set for a day certain, appellees filed the present suit in the district court of Duval County in trespass to try title, and for injunction to restrain appellant from prosecuting and the County Judge from proceeding with the hearing and determination of said petitions. Upon those pleadings the district court of Duval County assumed jurisdiction, granted the injunction prayed for, and upon a trial on the merits adjudged appellees to be the owners of the title to the properties belonging to the estate, and ordered partition and distribution to them according to their shares as therein determined. In arriving at that judgment the district court determined, and rested the judgment upon, the basic question of heirship against appellant, through a jury finding that the intestate and her husband did not execute "an instrument in writing adopting Refugio E. Zamora as their legal heir," as claimed by appellant. That was the very issue in process of adjudication in the probate court when appellees filed this suit in the district court. It is the main and controlling issue in both courts.

Appellant timely filed and urged appropriate demurrers, and pleas in abatement and to the jurisdiction of the district court, but upon a hearing thereon those demurrers and pleas were overruled, and the court proceeded to the trial on the merits, as stated. This appeal is controlled by the questions raised in those demurrers and pleas.

It affirmatively appears from appellees' petition in the district court that their suit was instituted in said court against the administrator of the estate in controversy to recover, as alleged heirs of the intestate, the real and personal properties of the estate, while the same was actually being administered, under necessity therefor, in a proper probate court. To that petition appellants urged the general demurrer, which was overruled. Appel-

lants complain of that ruling in appropriate assignments of error on this appeal. We sustain those assignments.

■ The rule is now well established in this State that heirs cannot, within the administration period, institute and maintain a suit to recover property belonging to an estate and descending to them, without alleging and proving that there is no administration upon the estate, and no necessity therefor. A petition in such case is subject to general demurrer if it does not contain such allegations; and, especially is it subject to such demurrer where it affirmatively shows a pending administration upon necessity, as in this case. O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060; Richardson v. Vaughn, 86 Tex. 93, 23 S.W. 640; Northcraft v. Oliver, 74 Tex. 162, 11 S.W. 1121; Youngs v. Youngs, Tex.Civ.App., 16 S.W.2d 426; Id., Tex.Com.App., 26 S.W.2d 191; Bluitt v. Pearson, 117 Tex. 467, 7 S.W.2d 524; Maxwell's Unknown Heirs v. Bolding, Tex. Civ.App., 11 S.W.2d 814. There are certain exceptions which serve to take cases from under the rule, but no such exceptions are present in this case.

■ Appellants also urged their pleas in abatement in the district court upon the ground that the probate court had exclusive original jurisdiction to settle, partition and distribute estates of decedents, including the power and duty to determine heirship, and that as the probate court of Webb County had assumed and was actually exercising that jurisdiction at the time this suit was instituted for a like purpose in the district court of Duval County, the latter court was utterly without power over those matters. Appellants' contention is correct. The trial court should have sustained appellants' pleas and abated and dismissed this proceeding. Both the constitution and statutes of this State confer exclusive original jurisdiction upon county courts, and appellate jurisdiction only upon district courts, over business pertaining to the estates of decedents, and the settlement, partition and distribution thereof, and this includes the power and duty of determining who are the legal heirs of decedents and their respective shares in estates of decedents. See authorities cited above, and Const. Art. 5, §§ 8, 16, Vernon's Ann.

St.; Arts. 3290, 3291, 3590 et seq., 3604, R.S.1925; 15 Tex.Jur. p. 189, § 39; Simpkins Adm.Est. pp. 8, 14, 354, 356, 369, 370, 371; Id. 3rd Ed. §§ 301, 313, 429; O'Neil v. Norton, supra; Branch v. Hanrick, 70 Tex. 731, 8 S.W. 539; Sawyer v. Boyle, 21 Tex. 28; Wilkinson v. McCart, 53 Tex.Civ.App. 507, 116 S.W. 400; Boyle v. Paul, 126 Tex. 242, 86 S.W.2d 744; Rose v. Fisher's Estate, Tex.Civ.App., 91 S.W.2d 476; Moore v. Blackwell, Tex. Civ.App., 85 S.W.2d 980; Boedker v. Boedker, Tex.Civ.App., 258 S.W. 566; Buchner v. Wait, Tex.Civ.App., 137 S.W. 383; Wallace v. Dubose, Tex.Civ.App., 242 S.W. 351; Miller v. Valley, etc., Ass'n, Tex.Civ.App., 29 S.W.2d 865. The trial court therefore erred in not sustaining appellants' pleas in abatement.

■ Appellees contend that probate courts have no jurisdiction to determine issues of title, and that this being a suit for title and possession of the property, including lands, belonging to the estate of the decedent, the district court alone had jurisdiction thereof. It is true, of course, that the probate court has no jurisdiction to adjudicate title; that the district court has exclusive jurisdiction to make such adjudication. But that rule may not be invoked by appellees in this case to deprive the county court of its jurisdiction to determine heirship as an incident to the settlement of the estate of a decedent. The question of title is purely incidental to the main proceedings in the probate court, which had already assumed and was in the active exercise of its proper jurisdiction of determining the controlling issue of heirship, for the purpose of settling, distributing and closing the estate, and appellees will not be permitted to lug in the fictitious issue of title and thereby deprive the probate court of its jurisdiction. The only issuable question in the whole proceeding in either court was one of heirship, which, according to the authorities cited and under the record here, was cognizable only in the county court, whose jurisdiction thereover was first invoked, although now repudiated, by appellees. Pierce v. Foreign Mission Board, Tex.Com.App., 235 S.W. 552; Wilkinson v. McCart, supra, Rose v. Fisher's Estate, supra.

The judgment is reversed and the cause dismissed.