Barbara CLICK et vir, Appellants,

v.

Colline B. NEVILLE, Individually and as Administratrix of the Estate of Sam James Neville, Dec., Appellee.

No. 16911.

Court of Civil Appeals of Texas.

Fort Worth.

April 12, 1968.

James & Crosier, and Byron Crosier, Cleburne, for appellants.

Burton S. Burks, Sr., Granbury, for appellee.

## OPINION

RENFRO, Justice.

This suit, as No. 5348, was filed in the District Court of Hood County on April 21, 1967.

Mrs. Barbara Click and husband were plaintiffs. Mrs. Colline B. Neville, individually and as administratrix of the estate of Sam James Neville, deceased, was defendant.

Sam James Neville died intestate January 28, 1967.

Colline B. Neville, surviving wife of Sam James Neville, was appointed administratrix of the estate of her deceased husband on February 13, 1967.

Barbara Click is the only surviving child of Sam James Neville and is the stepdaughter of Colline B. Neville.

No children were born to Colline B. Neville and Sam James Neville.

Plaintiffs alleged that defendant had unlawfully converted and appropriated for her own use several items of personal property and bank accounts for which reason they requested a complete accounting. They alleged they owned an interest in certain real estate and asked for appointment of a receiver for the purpose of selling said real estate to the highest bidder at private sale and adjust the accounts as between plaintiffs and defendant. Plaintiffs also requested an injunction against defendant to restrain her from disposing of any of the personal property in which Neville had any interest at the time of his death.

Defendant moved for dismissal of the suit because "It affirmatively appears from the petition of plaintiff that the suit is by an heir of a deceased against the surviving widow of a deceased whose estate is being administered in the County Court, and any suit brought by the plaintiff at this time is premature. The County Court of Hood County has exclusive jurisdiction over said estate during the pendency of the probate proceedings."

On August 14, 1967, the Court entered an order as follows:

"On consideration of the motion and the *evidence adduced* (emphasis added) thereunder the court finds:

"That Sam James Neville is deceased; that his widow Colline B. Neville qualified as administratrix of his estate on or about March 15, 1967, in cause No. 1527 in the County Court of Hood County, Texas; that there are numerous unpaid debts against the estate, and to pay such debts it may be necessary to sell some, or all, of the property of the estate; that such administration is pending, and less than one year has expired since the administratrix qualified as such; That the plaintiff sues as an heir of Sam James Neville, deceased, and any interest she has in the property of the estate, if any, is subject to the payment of the debts of the estate.

"Accordingly, it is the order of this Court that the above entitled and numbered cause be and it is hereby DISMISSED."

Plaintiffs appealed from the order on the ground the court erred in ruling it was without jurisdiction of Cause No. 5348.

 The rule is well established that heirs cannot, within the administration period, institute and maintain a suit to recover property belonging to an estate and descending to them, without alleging and proving that there is no administration upon the estate, and no necessity therefor. Zamora v. Gonzalez, 128 S.W.2d 166 (Tex. Civ.App., 1939, writ ref.).

There are exceptions to the rule, such as where it appears by the *pleadings* and the *proof* that the suit involves controversies and issues between the parties for which the probate jurisdiction of the County Court is inadequate to grant the relief sought. In such case the District Court has jurisdiction, and may grant necessary relief. Griggs v. Brewster, 122 Tex. 588, 62 S.W.2d 980 (1933).

In the instant case proof is totally lacking that jurisdiction of the Probate Court is inadequate to grant the relief sought. The judgment recites consideration of the "evidence adduced"; there is no statement of facts or findings of fact in the record. If evidence was adduced we must assume it was adverse to plaintiffs' contentions.

We think the petition itself was insufficient to show the necessity of intervention by the District Court in the probate administration. Essentially it claims plaintiffs are entitled to distribution before the debts of the estate have been paid, and would, in effect, take the administration out of the hands of the administratrix and make the District Court administrator of the estate.

Plaintiffs' complaints about the handling of the bank accounts and personal property can and should be heard in the Probate Court where provision is made for such complaints. Probate Code, Sec. 258, p. 21, V.A.T.S.; Sec. 354, p. 221, V.A.T.S.

The District Court, having no jurisdiction of the case, properly dismissed the suit. Accordingly, we dismiss the appeal.

Appeal dismissed.