## W. D. GUTHRIE v. ORIN GUTHRIE'S ADM'RS.

The general rule is, that an heir cannot, in a suit against him by the administrator to recover a debt due the estate, set up as a set-off, the distributive share to which, on final settlement, he may be entitled. To this rule there are exceptions, but there are no allegations of circumstances in this case, to bring it within any of the exceptions.

Error from Lavaca. Tried below before the Hon. Fielding Jones.

Suit by appellees against appellant, on his note to them for the sum of $150. Answer by defendant as follows :

Defendant says that he did, on or about the 29th of Jan., 1855, execute his note for $150 to Wesley Vick and Eliza Guthrie, then administrators of the estate of Orin Guthrie ; that he is one of the heirs of said Orin Guthrie, and that the said note was given to said administrators to show what amount said defendant had received from the estate of his father, Orin Guthrie, deceased. The defendant further states, that the said Orin Guthrie died, leaving considerable estate, consisting of lands, negroes, money and stock of all descriptions, which the said McKinney and wife, (present administrators,) have received into their hands as administrators of the said Orin Guthrie, deceased. Defendant further states, that said McKinney and wife, as administrators as aforesaid, have received and have now in their possession about six hundred and fifty dollars, received from Isaiah Harbor, and about two hundred dollars received of F. G. Culpepper, money belonging to the said estate of Orin Guthrie, deceased ; that there are no debts against the said estate of any amount ; that the said amount of money now in the hands of said McKinney and wife and belonging to said estate of Orin Guthrie, deceased, is largely more than sufficient to pay off and satisfy all debts

and demands against the said estate of Orin Guthrie, deceased. All of which will be more clearly shown by reference to the inventory filed in said estate, and which will be shown the Court on the trial hereof.

Defendant further states that he is, as one of the legal heirs of the said Orin Guthrie, deceased, entitled to a distributive portion of said estate, much more than the amount of said note now sued on, which he asks the Court to be allowed to be placed in offset against said note. He further says that he has not received any property from said estate, except the said amount of $150, for which he is now sued ; and that upon a settlement with said administrator he will be entitled to, as one of the heirs aforesaid, a much larger amount than the one which he is now sued on. Wherefore he asks that said suit be dismissed and judgment against said plaintiffs for all costs of this suit, and for general relief, &c.

General demurrer to this answer, sustained by the Court. Judgment, &c.

*Parker & Nichols*, for plaintiff in error. The plea in set-off was good, and the Court erred in striking out the answer. (Thomas v. Hill, 3 Tex. R. 270 ; Smalley v. Trammell, 11 Id. 10 ; Hall v. Hall, Id. 526.)

The exceptions of plaintiffs to the answer of defendant below were vague, and did not point out the vice in the answer. If there was any sufficient allegation in the answer, a general exception is bad. (State v. Williams, 8 Tex R. 255.)

If the demurrer of plaintiffs was for uncertainty in the answer of defendant, such uncertainty should have been specially demurred to. (See Perry v. Herbert, 8 Tex. R. 1 ; Wells v. Fairbanks, 5 Id. 582.)

*W. T. Rogers*, for defendants in error.

HEMPHILL, CH. J. The matters set up in the answer were not a sufficient defence to the action. The general rule in

relation to debtors of an estate is, that to an action brought by an admininistrator, the defendant cannot plead in offset any demand against the estate accruing since the death of the deceased. To adjust such discounts would encroach on the province of the County Court, and lead to embarrassing investigations as to the assets and proper distribution of an estate. There are exceptions to the rule, as for instance in the case of Hall v. Hall, 11 Tex. R. 553, where one being the sole creditor of an estate, and being also indebted in a small amount, the Court would not allow judgment to be had and enforced against him, at perhaps a great sacrifice of his property, when the money so raised would be paid back to him as soon as paid to the administrator.

The general rule is applicable as well to heirs who are indebted to the estate as to ordinary debtors. They cannot set up, in a suit by the administrator, as an offset, the distributive share to which, on final settlement, they may be entitled. This, if allowed, would embarrass the District Court with questions pertaining properly to the County Court. To the rule there are exceptions, as for instance where the estate is not indebted, or to but an inconsiderable amount, and the defendant is sole distributee. The Court would not permit judgment to be obtained and enforced against him by an administrator, who in fact is acting but as the trustee of the defendant. The answer, in this case, is not sufficiently specific. It avers the heirship of defendant, but not how many other distributees there may be, or who they are. The amount of the estate and his share, the amount of the debts, in such plea, ought to be stated with some degree of precision. Further, an heir, on the expiration of twelve months from the original grant of administration, may apply to the County Court for partition. The date of the note shows that more than twelve months had elapsed from administration, and the plea should have shown an application for division. Had that been shown, and had it been sufficiently apparent that the defendant would be en-

titled to a share, on settlement, it would have been the duty of the Court to have admitted the plea of discount, or to have stayed proceedings until the final action of the County Court.

But the defence, as pleaded, being insufficient, there was no error in the judgment, and it is ordered that the same be affirmed.

Judgment affirmed.