PAUL PRESSLER ET AL. V. EMIL WILKE ET AL.

No. 7388.

1. **Administration of Community Property—Jurisdiction of Probate Court.** The survivor who has filed an inventory and bond under the statute for the administration of the community estate can not procure through the County Court a settlement of his accounts and a discharge from his trust. Such jurisdiction is not conferred upon the County Court. His remedy is that of an ordinary trustee to the equity powers of a court having jurisdiction over the amount in controversy.

2. **Case in Judgment.**—Pressler, surviving husband, filed an inventory and bond under the statute. He subsequently filed his account of his administration in the County Court, and obtained a decree approving his account and discharging him from further liability. In suit by Mrs. Wilke, sole child of the marriage, against Pressler and his bondsmen, *held*, that the attempted settlement procured on his petition in the County Court was without jurisdiction and void.

APPEAL from Travis. Tried below before Hon. W. M. KEY.
No statement is necessary.

*Sheeks & Sheeks*, for appellants. —1. The County Court of Travis County had jurisdiction in the matters of the estate of Charlotte Pressler, deceased, including the final report and settlement of Frank Pressler, the surviving husband. Rev. Stats., arts. 1789, 2167–2171, 2174, 2177, 2180, 2183; Martin v. Robinson, 67 Texas, 368; Murchison v. White, 54 Texas, 83; Messner v. Giddings, 65 Texas, 301.

2. The County Court is a court of general jurisdiction for the transaction of all business appertaining to the estates of deceased persons, including settlement, partition, and distribution of such estates. Const., art. 5, sec. 16; Rev. Stats., art. 1789.

3. If the County Court had jurisdiction in the matter of the final account and settlement of Frank Pressler, its action in discharging him and his sureties was conclusive until it was set aside in a direct proceeding brought for that purpose. Pelham v. Murray, 64 Texas, 477; Mills v. Herndon, 60 Texas, 353; Murchison v. White, 54 Texas, 78; Martin v. Robinson, 67 Texas, 368.

*George F. Pendexter* and *A. S. Burleson*, for appellees.—The court did not err in holding to be void the judgment of the County Court of

Travis County approving the final account of Frank Pressler as surviving husband of Charlotte, and discharging him and his sureties from liability on his bond as such survivor. When the inventory, appraisement, and bond were filed and approved, Pressler was authorized to administer the community estate independent of the orders or control of the court. He was not authorized or required by law to file a final account, and the court had no jurisdiction to approve the same and release the sureties on his bond. Huppman v. Schmidt, 65 Texas, 585.

GAINES, ASSOCIATE JUSTICE.—Appellants Paul Pressler and Charlotte Pressler were husband and wife. The latter died, leaving appellee Frances Wilke her sole heir. At the time of her mother's death Frances was a minor and unmarried. After the death of his wife appellant Paul Pressler filed in the County Court an inventory and appraisement of their community estate, and gave bond in accordance with the terms of the statute for the administration of that property.

This suit was brought by appellee Frances Wilke, who was joined by her husband, to recover of appellant Pressler as principal, and the other appellants as sureties on that bond, one-half of the proceeds of a certain lot in the city of Austin, which was the common property of himself and his deceased wife, and which he sold during the course of his administration of the community estate.

In answer to the petition, the defendants among other things alleged in defense, that Pressler after the sale of the lot filed his account in the County Court for a final settlement and discharge, and that the court upon the hearing approved the account and ordered that he be discharged. The account, as alleged, showed that he was not indebted to the estate. Upon the trial of the present case the court among other conclusions found, as a matter of fact, that the County Court had approved Pressler's account and had discharged him as alleged in the answer, but held that the County Court was without jurisdiction in the premises and that its judgment was therefore void.

The appellants complain, that the court erred in holding that the judgment of the County Court which approved the account and discharged Pressler was a nullity.

There is no provision of the Revised Statutes which in express terms confers upon the County Court jurisdiction to hear and determine an application of a surviving husband or wife, who has given bond for the administration of the community estate, for a settlement of accounts and a discharge from the trust. It would seem, therefore, that in order to hold that the Legislature intended to confer that power, such intention should be a reasonable implication from the language contained in the articles relating to the subject, or that the jurisdiction should be necessary to the just exercise of the powers expressly granted. The

first legislation upon this subject was the Act of August 26, 1856. Pasch. Dig., art. 4646, et seq. That act provided, that the survivor in community should have the right to manage and settle the community estate free from the control of any court, but made it the duty of such survivor to "file in the County Court" an inventory and appraisement of the common estate; and directed, that in case of a failure to do so administration should be granted as in other cases. It also provided, that in certain contingencies the survivor might be required to file a bond, and that he or she should pay over to the heirs of the deceased husband or wife their respective shares of the estate upon their arriving at majority. It authorized a suit by the heirs to revise the settlement made with them by the survivor, but does not name the court in which the suit was to be brought. As we construe the act, it conferred no jurisdiction whatever upon the County Court. The inventory and appraisement which were to be filed were intended to preserve evidence of the kind and value of the community estate.

The probate Act of August 15, 1870, contained a provision, that the survivor should not only file an inventory but should also give a bond. It did not provide for a suit to revise a settlement made by the survivor with an heir, but authorized a suit upon the bond as upon the bond of an administrator. In other respects the provisions of that act in relation to this matter are substantially the same as those contained in the Act of August 26, 1856. 2 Pasch. Dig., art. 5494, et seq. The provisions of the Act of 1870 are incorporated in substance in that of August 9, 1876. Laws 1876, p. 124. Neither of them confer any jurisdiction whatever upon the Probate Court; nor does either of them treat the procedure therein provided for as a proceeding in court. They both declare, in effect, that when either the husband or wife shall die, administration upon his or her estate "shall be unnecessary," except as to the separate estate of the deceased.

The Revised Statutes, however, go further, and do confer some jurisdiction upon the County Court in such cases. The survivor is required to file a written application, and it is made the duty of the court to appoint appraisers. Rev. Stats., arts. 2167, 2168. The court is also required to pass upon the inventory and to approve or disapprove it. Art. 2171. Any person interested may require a new appraisement to be made or a new bond to be given. Art. 2174. A remedy is provided for creditors in order to enforce their demands against the community estate (art. 2176, et seq.); and it is also provided, that after the lapse of twelve months from the filing of the bond by the survivor the heirs "shall be entitled to demand and have a partition and distribution of the estate" in the same manner as in other administrations. Art. 2183. While it may be conceded, that by virtue of the article last cited it is competent for the heirs of the deceased by a

proceeding in the County Court to compel the survivor to make a settlement and thereby to confer upon that court jurisdiction to pass upon his account and to order his discharge, still there is no provision in the statutes which expressly authorizes him to invoke such action of his own motion. In enacting the provisions upon this subject found in the Revised Statutes, it was the evident purpose of the Legislature to confer a limited jurisdiction upon the County Court; but it seems to us that they have very pointedly defined the scope of the powers which it was intended that that court should exercise in the premises. Why did they expressly provide that the heirs should have the right to demand an accounting in the County Court, and omit to authorize the survivor to apply to the same tribunal for a settlement and final discharge, unless it was intended that that right should not be conferred upon him? The right of the heirs to enforce a settlement through the County Court does not necessarily imply a corresponding right on the part of the survivor. The one may exist without the other, and there is reason for the distinction. It frequently occurs that the heirs of the deceased are children of tender years, without a statutory guardian of their estates. No proceeding is likely to be instituted in behalf of such. It may reasonably be presumed, that it was contemplated that the right to demand a settlement in the County Court would usually be exercised by such heirs as were of full age or by the guardians of those over whose estates a guardian had been appointed. In such cases the interests of the heirs were not likely to suffer. On the other hand, to confer the right to enforce a settlement through the County Court upon the survivor would be to enable him in many cases to choose his opportunity and to conclude the minor heirs of the deceased by a judgment in a proceeding in which they had not been efficiently represented. It often occurs that the proceedings in the County Court are treated as mere matters of form, and that even a guardian ad litem appointed to represent minor defendants seems to consider that the object of his appointment is merely to accomplish in a legal way the purposes of the actor in the proceeding.

But whatever may have been the considerations which controlled the Legislature in enacting the law, we are of opinion that it was not intended to authorize the survivor who had filed an inventory and given bond for the administration of a community estate to procure a settlement of his accounts and a discharge of his trust by a decree of the County Court made in pursuance of his own application for that purpose. His resort is that of the ordinary trustee to the equity powers of a court having jurisdiction over the amount in controversy.

Our construction of the statutory provisions upon this subject are in accord with the expressions contained in the opinion in the case of Huppman v. Schmidt, 65 Texas, 583, although the point now under

consideration was not involved in the decision of that case. We therefore conclude that the court did not err in holding the judgment of the County Court a nullity.

This is the only question presented by the assignments of error, and the judgment is accordingly affirmed.

*Affirmed.*

Delivered April 15, 1892.

A motion for rehearing was refused.