### J. V. McCorkle et al. v. Ollie McCorkle et al.

Decided January 23, 1901.

**Estates of Decedents—Distribution—Homestead—Jurisdiction.**

The district court has no original jurisdiction over a suit by the widow of a decedent and her children against his children by a former marriage to recover the homestead, communty property of such first marriage, and their distributive share in the estate, so long as administration on such estate is pending in the county court, which has jurisdiction in probate over all such matters.

Appeal from McLennan, Ninteenth District. Tried below before Hon. Marshall Surratt.

*J. S. Fitzhugh* and *D. A. Kelley,* for appellants.

*J. B. Scarborough,* for appellees.

COLLARD, Associate Justice.—This suit was brought in the District Court of McLennan County, the 20th day of December, 1897, by Ollie McCorkle, as surviving widow of A. M. McCorkle, deceased, and for her three minor children, Grace, Pearl, and Myrtle, as their next friend, against appellants J. V. McCorkle, Etta Warren and her husband John Warren, R. L. McCorkle, Arizona McCorkle, surviving widow of John McCorkle, deceased, and his two minor children Nola and J. Bryan McCorkle, for recovery of alleged interests in the estate of A. M. McCorkle, which is alleged to embrace community property of A. M. McCorkle and his first deceased wife Louisa McCorkle, the mother of defendants, and also to embrace estate of A. M. McCorkle and his surviving wife, plaintiff Ollie McCorkle. The property embraced about 700 acres of land in McLennan County, on which it is alleged plaintiff had a homestead interest of 200 acres of land, which is described by metes and bounds, and also a one-third life estate in other property of A. M. McCorkle deceased, also a one-half interest in a dry goods store in Valley Mills, a house and three lots in Valley Mills, 25 head of horses and mules, 40 head of cattle, and interest in crops of 1897 and 1898, and accounts due deceased.

P. Downing and W. C. Railey were also made parties defendant, but suit was dismissed as to them, and they are not parties to this appeal. P. Downing filed a plea to the jurisdiction the 6th day of December, 1899, properly verified, alleging that the estate of A. M. McCorkle is in process of administration in Bosque County and unclosed, and it was shown by testimony that the final account of J. V. McCorkle, the executor, had not been filed and that there were debts unpaid against the estate amounting to $500 to $700, embracing costs and attorney's fees and some few other debts. Letters were issued to J. V. McCorkle as executor of the estate of deceased in March, 1897, from the County Court of Bosque County, and it was proved that the estate was still open and pending

under the orders of the probate court of Bosque County, and that at the time this suit was instituted very few of the debts against the estate had been paid, but that since then nearly all the debts had been paid, there remaining unpaid between $500 and $800, consisting of costs and attorneys' fees, commissions due the executor, not paid because the executor had not funds to pay them, and property of the estate would have to be sold to pay them. All the personal property of the estate had been sold except sufficient stock and implements to run the farm, and if they were sold they would not sell for enough to pay the estate out of debt. The item of attorneys fees, $500, was incurred in defense of this suit.

It seems the court overruled the plea in abatement and set it aside and held the case for trial, to which defendants excepted. All the defendants, including J. V. McCorkle, the executor, December 6, 1899, answered, J. V. McCorkle setting up that he is the executor of the will of deceased, and that the estate is being administered in Bosque County, and that the administration is still pending; that deceased was the husband of plaintiff Ollie McCorkle and the father of the other plaintiffs; that the suit is for an interest in the estate while it is being administered in the probate court of Bosque County; wherefore "these defendants say" that the District Court of McLennan County has no jurisdiction, and the suit ought to abate and to abide by the result of the administration. This answer is sworn to.

Further answering, defendants deny all the allegations of the petition, and say that they are not guilty, etc.; and answering specially, "but not waiving their rights under foregoing pleas," matters are set up which relate to the defense of the suit on the merits, but, believing that the plea to the jurisdiction should have been sustained, it is not necessary to state other issues.

May 26, 1900, the cause came on for trial and plaintiffs dismissed as to defendants Railey and Downing and the court overruled the plea in abatement. The judgment on this part of the case is as follows: The plea in abatement by the defendants having been presented and evidence heard at former term of court and overruled, and statement of evidence filed, the same was again presented and overruled. Defendants duly excepted to the ruling and it is before us on assignments of error. We have already made a statement of the facts in evidence on the trial of the plea in abatement to the jurisdiction. Trial judgment was had on the 23d day of May, 1900, in District Court of McLennan County, partitioning the estate of A. M. McCorkle among his heirs and the heirs of the first wife, granting to plaintiff, the last wife, judgment for $2144.42, and setting aside to her 200 acres of land as a homestead, describing it, all at defendant's costs, including fee of $500 to her attorneys, which was adjudged a claim against the estate for legal services in this suit.

We review the facts in evidence on the plea in abatement to the jurisdiction of the court, and find and state as follows: A. M. McCorkle's first wife, Louisa, died in 1887, and defendants are the children and descendants of that marriage. He was again married to plaintiff Ollie,

and there are minor children of that marriage represented in this suit by their mother, who brought this suit in McLennan County as surviving wife of deceased. He, A. M. McCorkle, died in Bosque County, the 25th of February, 1897. Defendant J. V. McCorkle is a son by the first marriage, and letters were issued to him as executor of the estate in Bosque County in March, 1897, and the facts show that the estate has not been fully administered and that the administration is still pending in Bosque County; that the executor had filed no final account in the estate; and that there had been no partition or settlement of the estate in the probate court. The facts show that there are some small debts due by the estate besides the attorneys' fees of $500 allowed by the court trying this case to the attorneys of plaintiffs. The trial court ordered partition of the estate, and awarded to plaintiffs property and judgment as before stated. Defendants have appealed.

*Opinion.*—Assignments of error by appellants authorize the consideration and decision of the matters below considered.

The court below erred in refusing to sustain the plea to the jurisdiction of the District Court and in entertaining the case and rendering judgment as stated. The jurisdiction of the County Court of Bosque County, in which letters were granted and in which the administration under the will was pending, extended over the matters to be decided, and that jurisdiction could not be interfered with by the District Court. The Constitution and statutes of this State confer the jurisdiction attempted to be invoked upon the county court as a court of probate. Section 16, article 5, of the Constitution confers this jurisdiction as follows: "The county court shall have the general jurisdiction of a probate court; they shall probate wills; appoint guardians of minors; * * * grant letters testamentary and of administration; settle accounts of executors; transact all business appertaining to deceased persons, minors, etc., including the settlement, partition, and distribution of estates of deceased persons."

Ample provision is made in our probate statutes to enforce the Constitution. One entire chapter of the revised statutes is devoted to partition and distribution of estates (chapter 25, Revised Statutes), and another chapter is given to final settlements of estates of deceased persons by the administrator or executor. Id., chap. 26. The county court is clothed with full powers to administer estates of deceased persons, and all the matters adjudged by the district court in this case properly belonged to the probate jurisdiction of the county court and not of the district court. If the estate should have been closed, and the executor delayed unnecessarily to file his accounts and call for final settlement, he could be compelled to make final settlement by the court upon application of "any person interested in the estate." Rev. Stats., 2193. The district court could not take such jurisdiction when the probate court is open and qualified to act. The district court has appellate jurisdiction

only.   Heath v. Layne, 62 Texas, 690; Buchanan v. Bilger, 64 Texas, 591, 592; see also 17 Texas, 541; 24 Texas, 661; 25 Texas, 231.

The County Court, where the administration under the will was pending, had full power under the statute to set apart the homestead to the plaintiff, as well as all the allowances she claimed.   As to setting apart homestead to surviving widow and children and other exemptions the probate statute is full and sufficient, and it is made the duty of the probate judge to grant orders for these purposes.   See the whole of chapter 18 of the Revised Statutes.   Another chapter is given to allowances to widows and minor children.   Rev. Stats., chap. 17, arts. 2037, et seq. The County Court for probate purposes of Bosque County, where the administration was pending, was the only court to grant the relief and decrees prayed for by plaintiffs and the District Court had no such power, by original jurisdiction.

The facts are fully developed by the evidence on the subject decided, and we believe it is our duty to reverse the judgment of the District Court and dismiss the cause, leaving all other matters litigated, upon proper application, to the County Court of Bosque County, where the estate is in process of administration, and yet having the power to act in the premises.

The judgment of the lower court is reversed and the cause dismissed.

*Reversed and dismissed.*

Writ of error refused.