BUCHNER et al. v. WAIT et al.†

(Court of Civil Appeals of Texas. Galveston. April 17, 1911. Rehearing Denied May 4, 1911.)

1. ACTION (§ 64*)—COMMENCEMENT—TIME.

Where plaintiff on July 23d delivered to the clerk of the Harris county district court a petition, requesting him to file it for the Sixty-First district, and under the special act of the Legislature regulating the filing of suits in the three district courts of that county, it was the clerk's duty to file them alternately, and, if filed when presented to him, the suit would have gone to the Fifty-Fifth district, but at the request of plaintiff he retained it until the 26th, when it was filed in the Sixty-First district, the suit was not filed until the 26th, for as until actually filed, the clerk held the petition as plaintiff's agent.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 730; Dec. Dig. § 64.*]

2. WILLS (§ 212*)—PROBATE—AGREEMENT OF PARTIES—CONSTRUCTION.

Where all the heirs of a very old and infirm lady entered into an agreement whereby a trustee was appointed to preserve her property, with the further agreement that he should at her death deliver the entire property over to the executrices named in her will, and that the heirs should take whatever property remained at the time of her death, in accordance with the terms of the will, the agreement did not so abrogate the will as to make its probate necessary only to serve as a muniment of title.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 519; Dec. Dig. § 212.*]

3. TRUSTS (§ 291*)—ACCOUNTING—RIGHT TO REQUIRE.

The equitable jurisdiction of the district court cannot be invoked to require an accounting of a trustee appointed under an agreement between the prospective heirs of a decedent, where the trustee has already rendered an account to the plaintiff, the correctness of which is not questioned, and under the agreement he was required only to account to the executrices of the decedent, who had not yet been appointed and qualified.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 291.*]

4. WILLS (§ 253*) — PROBATE JURISDICTION — COUNTY AND DISTRICT COURTS.

While the district court has jurisdiction to partition estates, require accountings, and adjust equities between the several owners, its jurisdiction cannot be exercised to defeat that of the county court to probate a will which under the direct provisions of Const. art. 5, § 16, has the general jurisdiction of a probate court with power to probate wills, appoint guardians, settle accounts of executors, transact business, including the settlement, partition, and distribution of the estates of deceased persons.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 253.*]

5. COURTS (§ 472*)—JURISDICTION—COURTS OF SAME STATE—COUNTY COURTS.

When properly invoked, the jurisdiction of the county court to make a settlement, distribution, and partition of the estates of deceased persons is exclusive.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 472.*]

6. WILLS (§ 205*)—PROBATE—NECESSITY.

Where testatrix made a valid will appointing executrices, the fact that no debts exist against the estate, and there is no necessity for any administration, does not affect the power of the county court to probate the will, grant letters testamentary, etc., its jurisdiction having been invoked by a valid will, as Sayles' Ann. Civ. St. 1897, art. 1991, expressly requires that the provisions of such a will shall be executed, and neither article 1884, as to the application to probate a will, nor article 1926, enumerating the facts to be shown before letters testamentary can be granted, requires that there shall be a necessity for an administration.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 205.*]

7. WILLS (§ 257*) — PROBATE — OBJECTIONS — WHERE RAISED.

An objection to the probate of a decedent's will arising from an agreement made by the heirs should be raised first in the county court, and the district court, out of reasons of comity, should not entertain original proceedings to determine whether such a will may be probated.

[Ed. Note.—For other cases, see Wills, Dec. Dig. § 257.*]

8. ACTION (§ 57*)—CONSOLIDATION—JURISDICTION.

Where the district court had no jurisdiction of an original proceeding to partition real estate of a decedent and for other relief by way of enjoining the probate of decedent's will, such a proceeding could not be consolidated with an appeal from an order of the county court allowing the probate of the same will.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 57.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by E. C. Buchner and others against Mary J. Wait and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Cobbs, Taliaferro & Cunningham, for appellants. Andrews, Ball & Streetman, for appellees.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

PLEASANTS, C. J. This suit was instituted by Mrs. Elizabeth Buchner, joined by her husband, E. C. Buchner, resident citizens of Bexar county, Tex., Mrs. Alice Stroud, joined by her husband, A. L. Stroud, residents of Jeff Davis county, Tex., Mrs. Virginia Tignor, some time known as Birdie Tignor, joined by her husband, W. N. Tignor, residents of Brazoria county, Tex., Hugh G. Pannell of Harris county, Tex., and Reed A. Pannell, non compos, of Harris county, Tex., by his next friend and guardian, Hugh G. Pannell of Harris county, Tex., against Mrs. Mary J. Wait of Tarrant county, Tex., and Mrs. Sadie P. Hefley, and her husband, J. D. Hefley, of Milam county, Tex., and Jas. H. B. House, trustee, of Harris county, Tex.

The petition alleges, in substance, the following facts: Plaintiffs and the defendants, other than defendant House, are the children and grandchildren and all are the heirs at law of Sarah A. Pannell, deceased, who died in Tarrant county, Tex., on June 20, 1909, leaving an estate in Harris county, Tex., of the estimated value of $80,000. On December 29, 1901, Mrs. Pannell executed an instrument purporting to be her last will and testament, and on the 25th of April and 6th of October, 1902, respectively, she executed a codicil to said will. The effect of this will and the codicils thereto was to bequeath the proceeds of the property of the testator remaining after the payment of her debts to the plaintiffs and defendants herein just as they would take as heirs under the law of descent and distribution. The will directed the executors named therein to sell all of the property of the testator, and to distribute the proceeds among the children and grandchildren of the testator, as above indicated. The last provision of the will is as follows: "Sixth. I hereby constitute and appoint my daughters, Mrs. Mary J. Wait of Limestone County, Texas, and Mrs. Sadie P. Hefley of Milam County, Texas, joint executrices of this my last will and testament under the direction of the Probate Court." On March 30, 1906, because of the then feeble mental and physical condition of Mrs. Pannell, the plaintiffs and defendants entered into an agreement in writing respecting the management and control of her estate during her lifetime and its disposition after her death. This agreement, after reciting the facts of Mrs. Pannell's advanced age and her feeble condition of health and of the execution by her of the will and codicils before mentioned, contains a list and description of all of the property owned by her. It then provides as follows: "That the said will and the two codicils thereto constitute together the last will and testament of said Mrs. Sarah Ann Pannell, and all of the parties hereto are to take whatever property shall remain and belong to the estate of said Sarah Ann Pannell at the time of her death in accordance with the terms of said will and said two codicils

thereto, notwithstanding any other will, conveyance or any other disposition which the said Sarah Ann Pannell may have heretofore made, or any hereafter make, of her estate, or any part thereof. That none of the property of said estate hereinbefore enumerated shall be sold or disposed of during the lifetime of said Mrs. Sarah Ann Pannell without the consent in writing of each and all of the parties hereto. In order to provide for the management of said property during the lifetime of said Mrs. Sarah Ann Pannell, each and all of the parties hereto have made, constituted, and appointed and do hereby make, constitute, and appoint, James H. B. House, of the county of Harris, in the state of Texas, their agent and trustee, who shall enter in the proper bond for $10,000 conditioned in usual terms of bonds for faithful performance of trust, etc., and the said James H. B. House, as such agent and trustee, is to have the following powers and perform the following duties, to wit." The duties and powers of the trustee, House, in the management of the estate during the lifetime of Mrs. Pannell, are then set out in full. It is then provided as follows: "Upon the death of Mrs. Sarah Ann Pannell the powers and duties of the said James H. B. House shall terminate and he shall deliver said estate and all funds on hand belonging thereto into the possession of the executors of the will of said Mrs. Sarah Ann Pannell." House qualified as trustee under this agreement, took charge of all of the property, and has continued to manage it under said agreement. He has rendered an account to plaintiffs showing the condition of the estate and all moneys received and disbursed by him. At the time the agreement before set out was made, the defendant Mrs. Hefley was indebted to her mother's estate in the sum of $10,000, which indebtedness was evidenced by two promissory notes of $5,000 each. These notes are still unpaid. One of them is secured by deed of trust upon property of Mrs. Hefley and her husband, and the other by an agreement or pledge that it shall be a charge upon her interest in the estate. After House took charge of the estate, he loaned the defendant Mrs. Wait $4,000, taking as security therefor Mrs. Wait's prospective interest in the estate of her mother. The only charge of mismanagement made in the petition against House is that this loan was in violation of the terms of the agreement under which he was appointed, in that he did not require Mrs. Wait to give additional independent security for said loan.

After alleging the foregoing facts, the petition contains the following allegations:

"That it is necessary for this court now to extend its jurisdiction over and take possession of said property, to preserve same and to require an accounting to be made of all the said transactions between said parties in respect to moneys due and owing said estate, and to fix a lien upon the property,

and to preserve said property, to hold said notes, the obligations of said defendant named, to fix the amount of their several liabilities, which may not be fixed by the said agreement, as well as that for which they are liable to pay on an accounting as aforesaid, and to declare a lien on their respective interests in the property, to also fix the lien on the interest of any party hereto for any sum found due the estate by such person. Hence, as appears from the terms of said agreement, it was never thereby contemplated by the parties that said will was to be probated or that the county court was to have anything to do with said estate, which at least is the effect of said agreement. Your petitioners therefore represent: (a) That they are joint owners of the real estate set out in the foregoing petition, being the property described in the agreement of said parties, except the item hereinbefore described, description of which is set out in agreement by said parties, which is hereto attached and marked 'Exhibit B.' (b) That they are entitled to an undivided one-fifth of the whole of said property, as aforesaid, and the defendants herein are entitled to an undivided one-fifth of the same, except the children of Reed Pannell, each being entitled to one-third of an undivided one-fifth, being the interest which they inherit by reason of said will, and by reason of being grandchildren of the said Sarah Ann Pannell. (c) That the said property is not susceptible of division in kind so as to make an equitable partition of the said estate. That the court have evidence to determine whether or not the said property is susceptible of division in kind so as to make an equitable partition of said estate between the respective parties in interest. (d) That it is advisable and necessary that a partition of the said estate should be made between the said parties in interest and that the mode by which the same shall be done your honorable court is requested to decree after hearing evidence to determine whether or not the same may be partitioned.

"Your petitioners represent and show, as aforesaid, that there is no necessity whatever to probate said will, and administer said property in the probate court, as all of the parties are of age and said estate is solvent, owes no debts to any one, and said interest being fixed, and said heirs being known, and the terms of said agreement being agreed upon, as to the basis of said settlement, and title and interest severally, nothing is necessary except to determine by the decree of this court the matters between said heirs, and said trustee of which this court has jurisdiction, and to fix the amount each heir is to recover, and charge it with the advancement made, and notes that are due and owing from said parties to the said estate, and to have an accounting with them and with the said trustee of his trust pending the settlement of the matters.

Your petitioners further pray that said House be continued as trustee of said property, or receiver of this court, to hold said property, and to settle and adjust the same under the orders and decrees of this honorable court, as is usual and customary in courts of equity, giving the said James H. B. House such authority and all that is necessary to collect said property, and dispose of it in accordance with the orders and decrees of this court, requiring him to give a bond as receiver for such sum as your honor may think and deem necessary, with all conditions requisite to protect the interest of said property. If your honor should not think it advisable to continue the said House as trustee and receiver, that then another receiver be appointed, defining and fixing his powers, and also requiring him to execute such bond as your honor may deem it necessary to be given to protect said property, and to collect all the outstanding obligations and notes due said estate, giving, of course, if that be practicable, the benefit of a full and proper construction of all the provisions of said will and said agreement, together, as an agreement for the disposition of said property between all of said parties, to the end that a speedy settlement of said estate between said heirs be had. If your honor should determine in the event that said property cannot be partitioned in whole or in part, that the only way by which it can be justly and fairly obtained is by and through a private sale, and if that is not practicable, then by a public sale of the same, then, the premises considered, your honor is requested to enter such orders as may be necessary as provided by the statute or in accordance with the equity powers of the court, providing for the sale of said property on the first Tuesday of some month in front of the courthouse door, in the city of Houston, county of Harris, selling the land in front of the courthouse door, as aforesaid, for cash to the highest and best bidder at said sale, after advertisement made of the time, terms, and place of said sale for 30 days previous to said sale by publication in one of the newspapers published in the city of Houston, as provided by law for advertisement after the manner of sales under execution from the district court; that said sale be made by some one appointed by your honor as master commissioner to make said sale, either authorizing the said receiver or trustee to make the same, or some other person, and such person be directed to make proper conveyance of all the right, title, and interest in and to said property to the purchaser or purchasers at said sale, after having submitted a report to your honor in writing, which report must be duly confirmed, and the proceeds of said sale, and all of the proceeds coming into said court, after defraying the costs of said proceedings, shall be divided between the said parties, after

charging up said parties with the amount of indebtedness and interest as their interest may appear.

"In case of such sale, each and all of the parties in interest shall have the right to bid at said sale to the extent of their respective interest or interests in the aggregate sum of the entire proceeds of sale, and the land, if any, bought by them or any of them at said sale within the limit of said moneyed interest in the entire proceeds of sale, shall be cohveyed to them or any of them without the payment of money.(to the extent of said interest), provided, nevertheless, that the costs of this proceeding and the commissioners of sale and the expenses fixed by this honorable court shall be paid in money by the said parties so purchasing as strangers to the record; that, if any of the said parties in interest shall purchase lands to a greater value than their interest in the entire proceeds of the sale, then and in that event such excess shall be paid in money as other persons at said sale are required to pay.

"Plaintiffs further pray: That the said trustee make an exhibit, a full and perfect account of his acts and doings in the premises, and be directed to account for all property that came to his hands and deliver the property remaining in his hands to this court for which judgment is prayed. That Mrs. M. J. Wait be required to render a full account of all receipts and disbursements for the time she collected all rents and made disbursements, from the 28th day of May, 1901, when she was acting under a power of attorney, dated October, 1893, signed by Mrs. Pannell, to the date said estate was turned over to the trustee, J. H. B. House. And that all of said defendants account for all the personal property, diamonds, jewelry, household, and kitchen furniture, and everything pertaining to said estate and belonging thereto, to abide the further orders and decree of this court.

"Your petitioners further pray for such orders and decrees without regard to any prayer herein made. If the court should deem any other mode or method of procedure under the facts more desirable, then they pray for that relief to be granted herein as necessary and proper to be granted to carry out the obligations and purposes of said parties expressed in said agreement; and, if plaintiffs have not prayed for the proper relief, herein as stated, then the equitable powers of this honorable court are hereby invoked, to the end that the proper or equitable relief general or special, as the nature of the case may require be given. Pending the disposition of this case, it is necessary that the said defendants Mrs. Mary J. Wait and Mrs. Sadie P. Hefley be restrained from proceeding in the probate court or elsewhere to take possession of said property, probate said will, or administer upon said estate, and, likewise, to restrain the said House from turning said property over to said parties, but to hold the same in his hands subject to the orders and decrees of this honorable court, and to hold or deliver the same, as the case may be, to a receiver to be named by this honorable court, and your petitioners to that end pray that the court's most gracious writ of injunction issue to said parties defendants herein in accordance with the allegations herein set out and the prayer of petitioners. .

"Your petitioners pray for citation to issue as provided by law, requiring said parties to answer said petition, and for judgment for partition, settlement, fixing the amount of each share of each defendant, amount of his liability adjudged therein against all of the parties, and of this they pray judgment of the court."

This petition was presented to the district clerk of Harris county on July 23, 1909, with instructions or request that it be filed in the district court for the Sixty-First judicial district. Under the special act of the Legislature regulating the filing of suits in the three district courts of Harris county, it is provided that the clerk shall file the suits brought in said county alternately in said courts. Under this rule at the time the petition in this case was presented to the clerk if it had been then filed, it would have gone to the court for the Fifty-Fifth judicial district. Acting upon the request of the attorneys for the plaintiff, the clerk held the petition without filing until such time as it would, under the rule prescribed by the statute, be filed in the court for the Sixty-First judicial district, and for this reason it was not filed until July 26, 1909. The appellees Mrs. Hefley and Mrs. Wait, executrices named in the will of Mrs. Pannell, filed a proper application in the county court of Harris county on July 26, 1909, to probate said will, and notices of such application were issued and posted as required by law. On August 17, 1909, the above-named appellees, joined by their respective husbands, filed in this suit a sworn plea to the jurisdiction of the court. This plea alleges the facts of the execution of the will by Mrs. Pannell, by the terms of which said appellees were appointed executrices to act under "the direction of the probate court," and the death of Mrs. Pannell. It further alleges that pendency in the county court of Harris county of said appellees' application. to probate said will and for letters testamentary; that the principal part of Mrs. Pannell's estate, which is of the estimated value of $100,000, is situated in Harris county and that neither of said appellees is disqualified by law from acting as executrix of said estate. It further alleges: "That the plaintiffs in this case have no claim and no right, title or interest to any of the property sought to be partitioned herein, except such as is derived through the estate of said Sarah A. Pannell, and such as is acquired by them un-

der the terms of the said will and codicils, and that none of the parties to this suit, nor any other person, has any adverse claim or interest to the claim of the said estate in or to any of the said property. That, by reason of the premises, the county court of Harris county, Tex., the same being a court of general probate jurisdiction, has acquired, and now has the sole and exclusive jurisdiction to probate the said will, and to administer the estate of said Sarah A. Pannell in accordance with the said will and codicils, and that this court has no jurisdiction until the said estate has been finally closed in said county court to partition said property or to grant all or any part of the relief with reference thereto sought to be obtained by plaintiffs in this suit. Premises considered, defendants pray that upon hearing of this plea they have judgment to the effect that this court is without jurisdiction in this case, and that this suit abate for want of jurisdiction in this court, and for their costs, and for such other relief as they may be entitled to, by reason of the premises, and as in duty bound will ever pray."

On the 4th day of October, 1909, all of the plaintiffs in this case appeared in the county court and contested the probate of the will and the granting of letters testamentary by the probate court, the contest of the said will being predicated on the alleged ground that an agreement had been made not to probate the same, and that Mrs. Pannell was not of sound mind at the time said will and said codicils were executed, and that the execution of the said will and codicils were procured by undue influence.

A trial of all these issues was had, lasting until Thursday, October 7th, and upon the conclusion of the evidence and the argument the county court of Harris county admitted the will and codicils to probate, and ordered the issuance of letters testamentary upon the said estate, in accordance with the terms of the said will, to these appellees as executrices.

Notice of appeal was entered by the plaintiffs in this case, who were the contestants in that proceeding, and an appeal bond has been filed, and the transcript in the case has been lodged in the Sixty-First district court, and the same is now pending as a separate cause in said court on appeal from the judgment of the county court of Harris county. Plaintiffs excepted to this plea on the ground that the facts therein stated were insufficient to deprive the court of jurisdiction to partition the property of said estate in accordance with the prayer of the petition. Plaintiffs also filed a motion to consolidate this case with the appeal then pending in the district court from the order of the county court of Harris county probating said will, and directing that letters testamentary issue to Mrs. Hefley and Mrs. Wait. The exceptions to the plea were overruled and the motion to consolidate refused, and upon a hearing on the plea on February 3, 1910, it was sustained and plaintiffs' suit dismissed.

It would serve no useful purpose, and would unnecessarily lengthen this opinion, to discuss in detail the various assignments of error presented in appellants' brief. It is sufficient to say that under appropriate assignments the objections to the judgment of the court below hereafter discussed are presented. First, it is contended that, the district court having general jurisdiction of suits for the partition of property between tenants in common and this suit for partition having been filed before the filing of the application to probate the will of Mrs. Pannell, the filing of such application could not affect the jurisdiction of the district court; the probate of the will under the facts stated in the petition being only necessary or permissible for the purpose of establishing it as a muniment of title.

[1] We do not think this contention can be sustained. It may be abstractly sound, but it is based upon assumptions of fact not borne out by the record. We do not regard the question of priority in the filing of the suit and the application to probate the will as at all material to the question of jurisdiction; but the claim that the suit was filed first cannot be sustained. The record shows that both were filed on the 26th day of July, 1909, and does not disclose the hour of the filing of either. Appellants' claim that the suit was filed first is based on the proposition that the petition should be regarded as filed on July 23d, the day it was delivered to the clerk for filing. This would probably be true, if appellants had not requested the clerk to file it in the court for the Sixty-First district. Compliance with that request required that the petition be held by the clerk and not filed until such time as it could, under the law, be filed in the court mentioned. During the time the clerk held the petition under this request, it was not in his official possession, and cannot be regarded as filed until the time arrived when it could be filed in accordance with appellants' request.

[2] The claim that the will could only be probated for the purpose of establishing it as a muniment of title is based on the assumption that the agreement of March 30, 1906, abrogated the will in so far as it appointed appellees executrices, and directed them under the direction of the probate court to sell all of the property of the estate and partition the proceeds, and that under said agreement appellees were bound not to apply for letters testamentary or to attempt to administer said estate under the provisions of the will.

We agree with the learned trial judge that the agreement mentioned cannot be so construed. On the contrary, it expressly recognizes the validity of the will, and the

parties expressly agree "to take whatever property shall remain and belong to the estate of Sarah Ann Pannell at the time of her death in accordance with the terms of said will." It further expressly provides that the property in the hands of the trustee at the time of Mrs. Pannell's death shall be immediately turned over by him to the executors named in the will, thus clearly contemplating that appellees would accept and execute the trust imposed upon them by the testator.

[3] The next contention is that the district court is the only court having jurisdiction to require an accounting by the trustee House and to settle all matters in dispute between the parties to this suit, and for this reason the trial court erred in sustaining the plea to the jurisdiction. It is a sufficient answer to this contention that the petition shows no necessity for invoking the equity powers of the court to require an accounting by the trustee, nor does it show any matters in dispute between the parties except as to the right of appellees to administer the estate in accordance with the terms of the will. It is expressly alleged in the petition that the trustee has rendered an account to the plaintiffs, and the correctness of that account is not questioned, and there is no issue between the parties as to their respective interests in the estate. In addition to this, under the terms of the agreement set out in the petition, the trustee was required to account to the executors named in the will, and plaintiffs could in no event require an accounting to themselves until he had failed to account to the executrices and they had refused or failed to require such accounting, and this could not occur until the executrices were appointed and had qualified as such.

[4] It is apparent from the petition that the sole purpose of the suit is to prevent the administration of the estate by the executrices named in the will under the direction of the probate court, and to have it partitioned at once by the district court, or, if necessary, administered by a receiver appointed by that court until it can be placed in such condition as to render an equitable partition practicable.

The jurisdiction of the district court to partition estates and in such suit require an accounting and adjust the equities between the owners in common of the estate is unquestioned, but this jurisdiction cannot be exercised in such way as to defeat the constitutional jurisdiction of the county court to probate wills and grant letters testamentary to executors and to administer estates in accordance with the terms of a legal and valid will. The cases of Moore v. Blagge, 91 Tex. 151, 38 S. W. 979, 41 S. W. 465, Kalteyer v. Wipff, 92 Tex. 673, 52 S. W. 63, Patterson v. Allen, 50 Tex. 26, and Moore v. Moore, 89 Tex. 29, 33 S. W. 217, cited by appellants, merely affirm the general jurisdiction of the district court to partition estates and in such suits to adjust equities between co-owners. In none of the cases cited by appellants was there any question of conflict of jurisdiction between the county and district courts in the matter of the administration of the estate or the partition of the property involved in the suit. Section 16 of article 5 of the Constitution of Texas provides: "The county court shall have the general jurisdiction of a probate court: they shall probate wills, appoint guardians of minors, * * * grant letters testamentary and of administration; settle accounts of executors; transact all business appertaining to deceased persons, minors, etc.; including the settlement, partition and distribution of estates of deceased persons."

[5] When invoked in a proper manner, this jurisdiction of the county court becomes exclusive, and, unless facts exist which would make its exercise unauthorized under the statute, no other court can assume jurisdiction to make the settlement, partition, and distribution of estates of deceased persons until the time in which such proceeding could be brought in the county court has expired, or, if an administration has been begun in the county court, until the administration is closed. Moore v. Moore, 89 Tex. 29, 33 S. W. 217; Branch v. Hanrick, 70 Tex. 731, 8 S. W. 539; McCorkle v. McCorkle, 25 Tex. Civ. App. 149, 60 S. W. 434; Shiner v. Shiner, 90 Tex. 414, 38 S. W. 1126.

[6] The fact that no debts exist against the estate and no necessity exists for an administration does not affect the power of the county court to probate the will and grant letters testamentary to the executrices named therein, and to direct and control the executrices in carrying out the provisions of the will. This jurisdiction having been invoked by the testatrix by the express language of her will, and the will being valid and legal, the statute expressly requires that its provisions and directions shall be executed. Sayles' Civ. St. 1897, art. 1991. Article 1884 of the statutes does not require that an application to probate a will and for letters testamentary shall show that a necessity exists for an administration, nor is there any such requirement in article 1926, which enumerates the facts which must be shown to the court before letters testamentary can be granted. The necessity for an administration in the county court is required to be shown only in the absence of a will. We think the statute clearly contemplates that the request of a testator that his estate be settled and partitioned in the county court invokes the jurisdiction of that court to make such settlement and partition, regardless of the existence of debts or of any necessity for administration other than the execution of the will of the testator.

[7] If the question of the necessity for an administration under the will could arise upon the facts of this case, or if there could

be any question of the abrogation of the will by the agreement of March 30, 1906, we think a due regard for the comity which should always exist between the courts, and for the orderly administration of the law, would require that these questions be raised in the county court in opposition to the probate of the will and the granting of letters testamentary thereunder, and the district court should not assert original jurisdiction to determine such questions.

[8] Our conclusion being that the plea to the jurisdiction of the district court was properly sustained, it follows that the motion to consolidate should have been overruled.

What we have said disposes of the material questions presented by this appeal. We have considered all of the appellants' assignments of error, and none of them can be sustained. The judgment of the trial court is affirmed.

Affirmed.