## BOEDKER et al. v. BOEDKER et al. (No. 7094.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 13, 1924.)

**1. Partition ☞73—Proceedings in county court for partition may not be collaterally attacked.**

In respect to the subject-matter of partition proceedings in a county court for the purpose of effecting a distribution of an estate, no collateral inquiry or attack can be made, calling in question any of the orders and decrees of that court.

**2. Courts ☞481—Probate court's jurisdiction in partition of estates final, reviewable only on appeal.**

The jurisdiction of the probate court in the partition and distribution of estates is final, and reviewable only on appeal to the district court, and cannot be questioned by a direct proceeding in the district court, calling same in question, unless they are void.

**3. Partition ☞83—County probate court has jurisdiction to determine rights and interests in estate.**

The probate court of a county having jurisdiction under Rev. St. arts. 3527, 3533, 3612, to finally determine and pass on matters concerning the partition and distribution of an estate, has the power to settle and determine corresponding rights and interests of any person interested in the estate.

**4. Partition ☞27—Plea in abatement in proceedings for partition held properly sustained.**

Where all matters involved in a suit for partition of property of an estate brought in the district court were involved in a prior partition suit concerning the same estate, then pending in the county court of another county, it was not error to sustain a plea in abatement on such grounds.

Error from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Sadie A. Boedker and others against Agnes Grothaus Boedker and another. From a judgment of dismissal, plaintiffs bring error. Judgment affirmed.

Harris & Hogan, of San Antonio, for plaintiffs in error.

Kleberg & North, of Corpus Christi, for defendants in error.

COBBS, J. Plaintiffs in error filed this suit in the district court of Bexar county

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

against Mrs. Agnes Boedker and the First State Bank of Corpus Christi, alleging that on January 3, 1916, defendant in error Agnes Boedker and husband, H. H. Boedker, owned certain community property, described in said petition; that said H. H. Boedker died intestate, and left surviving him, as his heirs at law, defendant in error Agnes Boedker and three sons by a former marriage, one being H. H. Boedker, Jr.; that H. H. Boedker, Jr., died April 5, 1920, intestate, leaving as his only heir his mother, plaintiff in error Sadie A. Boedker. Plaintiffs in error further alleged that the said community property consisted of certain personal property described in said petition, and a homestead that had been sold by defendant in error for $5,000, and that $2,500 of said amount had been deposited in the First State Bank of Corpus Christi; that said plaintiff in error was entitled to one-third of said $2,500, and a one-sixth interest in the other personal property, as the sole heir at law of her deceased son, H. H. Boedker, Jr. Plaintiff in error prayed for judgment against Agnes Boedker for the share of the property that H. H. Boedker, Jr., would have been entitled to, had he been alive, etc.

Defendants in error filed a plea in abatement to said petition on June 6, 1922, alleging that on the 3d day of July, 1920, plaintiff in error Sadie A. Boedker and the two other heirs, L. J. and W. F. Boedker, filed their petition in the probate court of Nueces county against Agnes Boedker for a partition of the community estate of herself and H. H. Boedker; that all of the matters and things set out in plaintiffs' petition in this suit were complained of in the suit for partition filed in the probate court of Nueces county, and that judgment was rendered in said probate court that no estate remained in the hands of defendant in error Agnes Boedker for distribution and partition, and a certified copy of such judgment was attached to said plea and made a part of same. Said plea in abatement further alleged that the said probate proceeding was still pending in the county court of Nueces county and had not been disposed of. Attached to, filed with and as a part of, said plea in abatement were certified copies of the application for community administration on the estate of H. H. Boedker, filed in the probate court of Nueces county by defendant in error Agnes Boedker, which application alleges the heirs to be the same as those alleged in plaintiff in error's petition; order appointing appraisers in said administration; inventory, appraisement, and list of claims of said community estate; order approving bond and inventory and appointing Agnes Boedker as survivor of the estate of H. H. Boedker, deceased; bond of said survivor; the copy of partition filed in the probate court of Nueces county by plaintiffs in error; answer

of defendant in error Agnes Boedker to said application for partition and distribution filed in the probate court of Nueces county, in which answer she alleged that, after filing the list of claims and indebtedness in the said estate, many other claims not listed therein had been presented to her, and that the total claims paid by her out of the community estate of the said H. H. Boedker, and out of her separate estate, on said claims, exceeded the value of the said community estate. She alleged in said answer items so paid in excess of those shown in the list of claims in a greater amount than the total value of this estate. In the second paragraph of this answer she alleged that the said H. H. Boedker had no estate at the time she married him, and that all funds then on hand were her separate estate, etc. In paragraph 3 of said answer she alleged that she was entitled to a repayment of the sums of money advanced by her to the community estate, with interest thereon. Upon a hearing on said application the court found, and rendered judgment, that after hearing evidence, and fully examining into the matter, the law and the facts were with the defendant Agnes Boedker, as survivor in community or the community administratrix of the estate of H. H. Boedker, deceased, and that there was no estate in her hands subject to distribution.

Defendant in error Agnes Boedker, in this cause, filed in addition to said plea in abatement, and subject to same, answer containing general demurrer and general denial, and defendant in error First State Bank of Corpus Christi filed an answer, stating that it had on deposit $2,468 to the credit of Agnes M. Boedker, but was not advised as to the ownership of same.

On March 12, 1923, W. F. Boedker and L. J. Boedker filed plea in intervention in this cause, adopting the petition of plaintiff in error Sadie A. Boedker, and asking that they each be awarded judgment for one-sixth interest to all the property in question. On the same date, March 12, 1923, plaintiffs and interveners filed an answer to said plea in abatement, among other things denying that the attorneys who filed the petition in the probate court of Nueces county were authorized to represent them.

On hearing thereof, the court sustained the plea in abatement, and the cause was dismissed.

[1-3] It is apparent from the record that the whole subject-matter of this controversy is involved in the partition proceedings of the estate of H. H. Boedker, deceased, in the county probate court of Nueces county, Tex., not yet disposed of. In respect to the subject-matter of those proceedings, no collateral inquiry or attack whatever can be made, calling in question any of the orders and decrees of the court. The jurisdiction of the

probate court in the partition of estates and the distribution thereof is final, subject only to a review thereof on appeal to the district court, but not available in a direct proceeding of the district court calling in question any of the proceedings, unless they were void, and no such contention is here made. Having the jurisdiction to finally determine and pass upon the matters concerning the partition and distribution of that estate, it had the corresponding power to settle and determine the corresponding rights and interests of any person interested in any part of said estate. Articles 3527, 3533, 3612, R. S.; Pressler v. Wilkie, 84 Tex. 345, 19 S. W. 436; Buchner v. Wait et al. (Tex. Civ. App.) 137 S. W. 383; The court says in this case:

"When invoked in a proper manner, this jurisdiction of the county court becomes exclusive, and, unless facts exist which would make its exercise unauthorized under the statute, no other court can assume jurisdiction to make the settlement, partition, and distribution of estates of deceased persons until the time in which such proceeding could be brought in the county court has expired, or, *if an administration has been begun in the county court, until the administration is closed.*" Wallace v. Dubose (Tex. Civ. App.) 242 S. W. 352.

[4] This suit being for partition of property that is involved in a prior partition suit of the same estate pending in the county court of Nueces county, it was not error to sustain the plea of abatement.

The judgment of the trial court is affirmed.