**CRAWFORD et al. v. HOLT et al.**

**No. 11895.**

Court of Civil Appeals of Texas. Dallas.
March 7, 1936.

Rehearing Denied April 11, 1936.

Mike Reinhardt, of Rockwall, for appellants.

Thomas B. Ridgell, of Dallas, for appellees.

JONES, Chief Justice.

This is a partition suit filed by Mrs. Anna Crawford, joined pro forma by her husband Paul Crawford, appellants, against G. S. Holt and wife, Sarah A. Holt, Virgil Holt, Wylie Holt, J. D. Holt, and G. F. Holt, appellees, to partition the community estate of the deceased, Adella Holt, former wife of G. S. Holt. On the conclusion of the evidence, the court gave peremptory instruction to the jury in favor of appellee, and appellants have duly perfected an appeal to this court. The following are the necessary facts:

Mrs. Adella Holt died testate June 12, 1930, and left surviving two children of her marriage with G. S. Holt, appellant Mrs. Anna Crawford and J. D. Holt. The other appellees were the children of G. S. Holt by a former marriage. This suit was instituted by appellants April 29, 1933. At that time the will of deceased had not been filed for probate. On May 16, 1933, the surviving husband, G. S. Holt, duly filed a petition in the county court of Rockwall county for the probate of deceased's will, and on June 10, 1933, J. D. Holt, Virgil Holt, and Wylie Holt filed a petition in the county court of Rockwall county, joining in the petition of G. S. Holt for the probate of such will, and the will was duly probated in the county court of Rockwall

county. On October 20, 1933, appellants attempted to appeal from the probate of this will, but such appeal was dismissed, and the judgment probating the will became final. The judgment against appellants for the partition of deceased's estate was rendered on May 29, 1934.

It appears that Wylie Holt and J. D. Holt were made temporary administrators of the estate of deceased, Adella Holt, and that they made a report to the county court of Rockwall county, concerning certain community debts, and asking for approval of the settlement they had made with certain creditors. This report was filed October 23, 1933, previous to the trial of this case.

The instrument probated as the last will and testament of Mrs. Adella Holt, deceased, was a joint and mutual will of herself and surviving husband, G. S. Holt, and is as follows:

"That we, G. S. Holt and Adella Holt, husband and wife, of Rockwall County, Texas, being of sound and disposing mind and memory, do make and publish this our last will and testament, hereby revoking all former wills by us or either of us heretofore made.

"First: It is our will and desire that the survivor of us, the said G. S. Holt, or the said Adella Holt, as the case may be, shall, with the rights and authority hereinafter given have and control all of the estate of every description, real, personal or mixed, which we or either of us may own at our deaths, said survivor shall enjoy, use and occupy all of our property during the lifetime of such survivor, and shall conduct and carry on any business we may be engaged in as fully and completely as if we both were living, but such survivor shall not have the authority to sell any of our real estate, but may with the consent of the legatees hereinafter named may dispose of the personal property or any mercantile business operated by us.

"Second: We direct that all our just debts and expenses shall be paid out of our estate by our executors hereinafter named.

"Third: After the payment of all our just debts and expenses, and after the death of the survivor of us, we direct that all our property that we own at our respective deaths, regardless of where situated, real, personal or mixed, community or separate property shall be divided into five equal parts and pass as follows: Our son G. F. Holt shall receive one-fifth part of all such property. Our son, Wylie Holt, shall receive one-fifth part of all such property. Our son, Virgil Holt, shall receive one-fifth part of all such property. Our son J. D. Holt, shall receive one-fifth part of all such property. Our daughter, Anna Crawford, shall receive one-fifth part of all such property.

"Fourth: We hereby nominate, constitute and appoint that our sons, to-wit: G. F. Holt, Wylie Holt and J. D. Holt as the executors of this our last will and direct that they act as such without bond or security and who shall after the death of the survivor, he or she, as the case may be, proceed as speedily as possible, consistent with good judgment and discretion, to administer over and divide our estate among our four sons and one daughter in the proportion as above set out.

"Fifth: We desire that no action be taken in court in the administration of our estate other than to probate and record this will and return an inventory, appraisement and list of claims.

"Witness our hands this 4 day of November, 1929, in the presence of O. L. Steger and E. D. Foree, subscribing witnesses appointed and requested thereunto by us. G. S. Holt, Adella Holt."

At the time of the death of Mrs. Adella Holt, the property consisted of a grocery store in the city of Rockwall, a farm in Rockwall county, against which there was a lien indebtedness of from twelve to fifteen thousand dollars, and some lots in the city of Rockwall with two or three houses on same. There was also some live stock and farming implements on the farm. All of this was community property.

Previous to the institution of this suit, the farm had been subjected to the lien indebtedness and sold for a smaller sum than the amount of the indebtedness, and the creditor was insisting on payment of the balance. The grocery store has been continuously operated since the death of Mrs. Adella Holt. Previous to the suit, but after the death of Mrs. Adella Holt, G. S. Holt sold personal property in the amount of approximately $1,000, and applied the same on existing community indebtedness. His evidence is that he was trying to save the farm to the estate and applied the proceeds of the sale of this property to the payment of accrued interest and taxes. There is no evidence showing that he used any of the proceeds of this sale for his personal use and benefit, except in payment of the said accrued indebtedness. The second para-

graph of the will, above quoted, directs that all just debts and expenses shall be paid out of the estate. It will be noted also that the first paragraph of the will directs that the surviving spouse shall use and occupy all of the property during the lifetime of such survivor, and shall conduct and carry on any business he may be engaged in as fully and completely as if they were both living; but in the same paragraph it is provided that this shall be done under the rights and authority hereinafter given. It will be noted that this right of the survivor is qualified to the extent that "such survivor shall not have the authority to sell any of our real estate, but may with the consent of the legatees hereinafter named dispose of the personal property or any mercantile business operated by us."

The lots in the city of Rockwall, except the one used by G. S. Holt as a homestead, were transferred by deed to two of the sons, but the undisputed evidence is that this was only a simulated sale to protect such property from the deficiency claim on the farm indebtedness, and that the lots are in fact still owned by the community estate.

The effect of the allegations in appellant's petition is that, by the terms of the will, G. S. Holt, the surviving spouse, was required to elect whether he would take under the will, or otherwise; that the sale of the personal property, without the consent of the daughter, Mrs. Anna Crawford, one of the legatees, was inconsistent with the will; that the sale of the real estate, located in the city of Rockwall, without the consent of Mrs. Anna Crawford, was likewise inconsistent with the will; and that each of these affirmative acts of G. S. Holt, contrary to the terms of the will, constituted an election on the part of G. S. Holt not to take under the will, and, as he had so elected, the right of a partition of the estate of the deceased was thereby rendered secure. The petition of appellants also alleged that there was no administration pending on the estate of Mrs. Adella Holt and none was necessary. The pleading of appellees, in their answer, is sufficient to raise the questions hereinafter discussed.

The primary contention of appellants is that, by their petition they show a right for the partition of the estate of Mrs. Adella Holt, conditioned upon the alleged election of G. S. Holt, not to take under the will, and that their evidence at least made an issue of fact on the question of election, which could not be determined by the court on the peremptory instruction given, but must be determined by the jury.

The primary contention of appellees is that, after suit for partition was filed, within the four-year period allowed for probating a will, an application was filed to probate the will, and as the will was actually probated within this period, and that as the trial court appointed temporary administrators of the estate of deceased, after it had determined that an administration was necessary, the county court had exclusive jurisdiction to wind up the administration, settle with creditors and legatees, and there was no error in the peremptory instruction given by the court.

Article 3290, R.C.S., reads: "The county court shall have general jurisdiction of a probate court. It shall probate wills, grant letters testamentary or of administration, settle the accounts of executors and administrators, and transact all business appertaining to the estates of deceased persons, including the settlement, partition and distribution of such estates."

Article 3291, R.C.S., reads: "The district court shall have appellate jurisdiction and general control in probate matters over the county court for the probating of wills, granting letters testamentary or of administration, settling the accounts of executors and administrators and for the transaction of business appertaining to estates, and original jurisdiction and general control over executors and administrators under such regulations as may be prescribed by law."

It will be noted that the jurisdiction of the district court of estates is primarily appellate, where the jurisdiction of the county court has been properly invoked. In respect to the exclusive jurisdiction of the county court under article 3290, supra, it is held: "When invoked in a proper manner, this jurisdiction of the county court becomes exclusive, and, unless facts exist which would make its exercise unauthorized under the statute, no other court can assume jurisdiction to make the settlement, partition, and distribution of estates of deceased persons until the time in which such proceeding could be brought in the county court has expired, or, if an administration has been begun in the county court, until the administration is closed." Wallace v. Dubose (Tex.Civ.App.) 242 S.W. 351, 352. See, also, Boedker et al. v. Boedker et al. (Tex.Civ.App.) 258 S.W. 566; Pressler v. Wilkie, 84 Tex. 344, 345, 19 S.W. 436;

Buchner v. Wait et al. (Tex.Civ.App.) 137 S.W. 383.

The jurisdiction of the county court having been properly and timely invoked, we hold, in harmony with the above cases, that the county court is empowered with exclusive jurisdiction finally to determine and pass upon the matters concerning the partition and distribution of this estate, and has the corresponding power to settle and determine the respective rights of the legatees, subject only to the right of appeal to the district court. There was no error in the court's giving the peremptory instruction.

It follows that, in our opinion, the judgment of the lower court should be affirmed, and it is so ordered.

Affirmed.